329 So.2d 688 (1976)
STATE of Louisiana
v.
Freddie MARTIN.
No. 57124.
Supreme Court of Louisiana.
March 29, 1976.
*689 Clyde D. Merritt, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise C. Korns, Asst. Dist. Atty., for plaintiff-appellee.
SUMMERS, Justice.
Appellant Freddie Martin was arrested on February 14, 1972 in connection with an alleged aggravated rape. On March 2, 1972 the Orleans Parish Grand Jury indicted appellant for aggravated rape, a capital offense. See State v. Hunter, 306 So.2d 710 (La.1975); State v. Flood, 263 La. 700, 269 So.2d 212 (1972); State v. Holmes, 263 La. 685, 269 So.2d 207 (1972).
Appellant pled not guilty to the charge, the case was fixed for trial and on April 23, 1973 the jury selection process began. At approximately one o'clock that afternoon the jury had been selected but not sworn. At that time the trial judge advised the jury that because of a grave personal emergency he could not proceed with the case that day. He instructed the members of the jury that, because they had not been sworn, they could be permitted to go to their respective homes. They were instructed to return at ten o'clock the next morning. At the same time, the trial judge admonished the members of the jury not to read newpaper accounts, or view television, pertaining to the facts of the case. The jurors were further admonished not to discuss the case with anyone and to put the case out of their minds until the next morning at ten o'clock. They were then excused to return to their respective homes. No objection was entered at that time by the State or the defense.
When court reconvened the next morning the jury was sworn. The members of the jury were then asked by the judge if they had read any newspaper accounts or viewed any television programs pertaining to the facts of the case. He also asked if *690 anyone had communicated with any of the jurors with reference to the case. To all of these interrogatories the members of the jury answered in the negative. Again no objection was made. The trial proceeded and defendant was found guilty without capital punishment.
On this appeal the defense urges four assignments of error. Finding the fourth assignment of error meritorious, we pretermit consideration of others urged by the defense.
In assignment of error IV it is contended that the trial court erred in failing to swear the jury immediately and in failing to sequester the jury as required by law.
Article 788 of the Code of Criminal Procedure prescribed that "When a prospective juror is accepted by the state and the defendant, he shall be sworn immediately as a juror." This was not done in the instant case. As the recited facts disclose, the jurors were not sworn until at least 21 hours after their acceptance.
The requirement that jurors be sworn immediately is an innovation in the Code of Criminal Procedure implemented in 1966. There was not, prior thereto, any statutory requirement that jurors be sworn immediately after acceptance. Although no comment to Article 788 sheds light upon the reason for this requirement, it is certain that it is clearly expressed. We can agree that it establishes a better practice. A juror should be made aware of the solemnity of his responsibility at the time of his acceptance. To defer the oath is to defer this awareness and perhaps encourage activity which is incompatible with a juror's duties.
In addition, the defense contends that a fatal error was committed when the trial judge permitted the jurors to return to their respective homes and remain separated for approximately 21 hours.
Article 791 of the Code of Criminal Procedure provides:
"A jury is sequestered by being kept together in charge of an officer of the court so as to be secluded from outside communication.
"In capital cases, after each juror is sworn he shall be sequestered.
"In non capital cases, the jury shall be sequestered after the court's charge, and may be sequestered at any time on order of the court."
Permitting jurors in this capital case to return to their respective homes for approximately 21 hours is a violation of sequestration as defined in Article 791. Although no objection was made to this noncompliance, this Court has held that matters involving impaneling of the jury are properly considered as part of the proceedings as contemplated in Article 920(2) of the Code of Criminal Procedure which this Court must notice on its own motion. State v. Hunter, 306 So.2d 710 (La.1975); State v. Luquette, 275 So.2d 396 (La.1975).
In keeping with this holding, we have also decided that it is not necessary to complain of injury resulting from separation of the jury. And the strong presumption of misconduct on the part of jurors arising from separation has repeatedly been recognized, making proof of misconduct or prejudice unnecessary. State v. Hunter and State v. Luquette, supra.
The State points to State v. Smith, 322 So.2d 197 (La.1975), to support the proposition that where circumstances are such as to reasonably overcome the presumption of prejudice, and where it affirmatively appears that no prejudice to the accused can have resulted, the presumption may be rebutted. That case, however, involved a totally distinguishable set of facts. In State v. Smith, before the selection of the jury was completed, Juror Blackman was accepted, sworn, and sequestered. However, when court recessed for the evening meal Juror Blackman separated from the others *691 for five minutes when he went to his home a few blocks from the courthouse. As soon as he was missed he was found at his home a few blocks from the courthouse having just arrived. He spoke to no one on the street and had barely greeted his relatives and family when he was returned to the courthouse.
While we were willing in that case to hold that the presumption of misconduct and prejudice could be rebutted, this Court will not extend that ruling to this case where the entire jury was separated for 21 hours.
The fact that the jurors were not sworn at the time of the separation does not alter the resultthey were required by statute to be sworn, and they should have been. The failure to immediately swear the jurors only compounds the error. Thus, the combination of these two factors requires that the conviction and sentence be set aside.
For the reasons assigned the conviction is reversed, the sentence is set aside and the case is remanded for a new trial.
SANDERS, C. J., dissents.