George BROWN, Petitioner-Appellant,

v.

W. J. ESTELLE, Director, Texas
Department of Corrections,
Respondent-Appellee.

No. 74–2962.

United States Court of Appeals,
Fifth Circuit.

Aug. 9, 1976.

James H. Randals, Staff Counsel for Inmates, TDC, Huntsville, Tex., Mark Ward, Staff Counsel for Inmates, Weldon, Tex., for petitioner-appellant.

John L. Hill, Atty. Gen., John Pierce Griffin, Merrill Finnell, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before WISDOM * and DYER, Circuit Judges, and KRAFT **, District Judge.

PER CURIAM:

After a jury trial, which resulted in a verdict of guilty, appellant, George Brown, was sentenced to life imprisonment, on April 4, 1962, by the Criminal Judicial District Court of Tarrant County, Texas for the offense of murder with malice. No appeal was taken.

In February, 1973, Brown filed a petition for writ of habeas corpus in the trial court alleging that he was forced to remain

---

* Judge Wisdom was a member of the panel that heard oral arguments but due to illness did not participate in this decision. The case is being decided by a quorum. 28 U.S.C. § 46(d).

** Senior District Judge of the Eastern District of Pennsylvania, sitting by designation.

dressed in identifiable prison clothing throughout his trial; that such attire was not a part of any trial strategy or tactics; that he did not knowingly, voluntarily or intelligently waive his right to be tried in civilian clothing. His petition did not disclose whether or not any objection was entered by him or by his counsel. The state trial court held no evidentiary hearing but, basing its finding solely on Brown's petition, found as a fact that Brown "made no objection to his appearing in his trial in jail garb, nor has there been any showing that he had other civilian clothing at hand." The petition contained no such allegation or admission and the factual finding had no foundation. On September 19, 1973 the Texas Court of Criminal Appeals denied relief, basing its action on the trial court's findings.

On February 25, 1974 Brown filed an application for writ of habeas corpus in the United States District Court for the Northern District of Texas, asserting the same grounds as in the state court. The district court, without hearing, and after an independent review of the pleadings, files and records and the findings, conclusions and recommendation of the United States Magistrate, adopted the latter's findings and conclusions and dismissed Brown's application without prejudice to his right to make further application after exhausting his state remedies "on allegations sufficient to raise an issue as to whether or not his counsel had a valid reason for failing to object to his trial in jail clothing or that his counsel failed effectively to represent him." The findings of the magistrate adopted by the district court include the statement that "Applicant has alleged only that no objection was made . . . ." That finding is clearly erroneous, since Brown's application contains no such allegation, but is silent, perhaps significantly, on whether or not an objection was made.

■ We conclude that appellant has sufficiently exhausted his state remedies and is entitled to a determination on the merits in the district court.

 Trial in identifiable prison apparel does not constitute a per se denial of due process. However, if Brown, as he has alleged, was compelled to stand trial before a jury in prison raiment he is entitled to relief. If, in fact, no objection was made to the trial court to his trial before a jury while so clothed, that failure " . . . is sufficient to negate the presence of compulsion necessary to establish a constitutional violation." *Estelle v. Williams*, —— U.S. ——, 96 S.Ct. 1691, 48 L.Ed.2d 126, 44 U.S.L.W. 4609 (May 3, 1976).

A proper factual determination on the issue of compulsion is essential. We reverse and remand for further proceedings consistent herewith.