363 So.2d 647 (1978)
STATE of Louisiana
v.
Otis QUINCY.
No. 61513.
Supreme Court of Louisiana.
September 5, 1978.
Rehearing Denied November 9, 1978.
*648 Sargent Pitcher, Jr., Pitcher & French, Ltd., Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Samuel M. Cashio, Dist. Atty., Charles H. Dameron, First Asst. Dist. Atty., Port Allen, for plaintiff-appellee.
CALOGERO, Justice.
Defendant Otis Quincy was indicted December 17, 1976 for the crime of second degree murder. After a trial by jury, defendant was found guilty as charged and was sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence for forty years. On this appeal of his conviction and sentence, defendant relies on seven assignments of error.

ASSIGNMENT OF ERROR NO. 1
Defendant contends that the trial court erred in allowing the state's witness, Charles Smith, to testify concerning inculpatory statements made by defendant to Smith despite the state's failure to comply with La.Code Crim.Pro. art. 768.
Article 768 provides:
If the state intends to introduce a confession or inculpatory statement in evidence, it shall so advise the defendant in writing prior to beginning the state's opening statement. If it fails to do so a confession or inculpatory statement shall not be admissible in evidence.
Attempting to comply with article 768, the state on the morning of the trial gave defendant the following notice:
You are hereby notified that, on the trial of the above numbered and entitled case, the State, through the District Attorney, intends to introduce into evidence the following confession(s) or inculpatory statement(s) made by defendant:
Various oral admissions and incriminating statements made by the accused in several conversations with one Charles (Charlie) Smith
This notice is given prior to the opening statement in accordance with Article 768 of the Louisiana Code of Criminal Procedure.
At trial defendant objected that the "768" notice was defective. The ground for the objection was that the notice was "too general and indefinite." Defendant argued that full compliance with article 768 required *649 that defendant know the substance of the statements. In response to this objection the court ruled that La.Code Crim. Pro. art. 768 does not require the state to advise the defendant of the content of the statements intended to be used. Preserving his objections for the record, defendant objected to the "vagueness and generality" of the notice.
In brief defendant contends that the basis for his objection was that the "768" notice failed to specify the date and occasion on which the statements were made to Charlie Smith. Defendant argues that under State v. Sneed, 316 So.2d 372 (La.1975) the state failed to give notice sufficiently specific as to date and occasion so as to afford him a sufficient opportunity to meet the issue.
The question of whether the "768" notice is defective under the standards set in Sneed need not be reached in this case.
Louisiana Code of Criminal Procedure Article 841 provides that an irregularity or error can not be availed of after verdict unless the party makes known his objection and the grounds for it. The basis of the objection must be stated so that the trial judge has an opportunity to rule on it and prevent or cure an error. State v. Lewis, 353 So.2d 703 (La.1977).
Defendant's objection at trial to the "768" notice was based on the "vagueness and generality" of the notice. Defendant's argument was La.Code Crim.Pro. art. 768 entitled him to the substance of the statement. The trial court properly ruled that the defendant is not entitled to the content of the statements in the "768" notice. See State v. Alexander, 351 So.2d 505 (La.1977). The objection based on the state's failure to give the date and occasion of the statement was raised for the first time on appeal. It is well-settled that a new basis for an objection may not be raised for the first time on appeal. State v. Holstead, 354 So.2d 493 (La.1977); State v. Marks, 337 So.2d 1177 (La.1976). There being no merit to the defense objection for the reasons expressed in support thereof at trial, this assignment lacks merit.

ASSIGNMENT OF ERROR NO. 2
Defendant contends that the trial judge erred in permitting the District Attorney to lead a witness on direct examination. The following question directed to Charlie Smith gave rise to the objection:
Now, at the time that I came to New Orleans and you spoke to me about this in other words, particularly with reference to what Otis had told youdid I make you any promises, did I say anything to you to induce you to tell me these things?
MR. PITCHER: I object, Judgeit's leading.
MR. CASHIO: Well, if Your Honor please, of course, this question of a deal between the accused and the District Attorney is certainly going to come up and I think it's relevantI don't think that the question is leading.
Louisiana Revised Statute 15:277 proscribes the use of leading questions to one's own witness unless he is unwilling or hostile. The statute defines a leading question as one which suggests to the witness the answer he is to deliver. The question at issue does not seem to suggest an answer and is therefore not leading. Even if it is a leading question, the defendant has not demonstrated any prejudice. While counsel should not be allowed to mold the testimony of a witness, a verdict should be disturbed only when there is a clear abuse calculated to prejudice the right of the accused. State v. Sheppard, 350 So.2d 615 (La.1977). This assignment lacks merit.

ASSIGNMENT OF ERROR NO. 3
Defendant contends in this assignment that the trial judge commented on the evidence in contravention of La.Code Crim. Pro. art. 772. Louisiana Code of Criminal Procedure Article 772 provides:
The judge in the presence of the jury shall not comment upon the facts of the case, either by commenting upon or recapitulating the evidence, repeating the testimony of any witness, or giving an opinion *650 as to what has been proved, not proved, or refuted.
The assignment arose in the following context. Defense counsel questioned the state's witness about a pardon he received from his conviction for manslaughter. In his questions, counsel referred to the fact that he at one time was a district attorney and that he knew how pardons "work." In ruling that counsel should refrain from such remarks, the trial judge stated, "There was definitely several times when he [defense counsel] testified himself which the Court asks that he refrain from . . . ." Defendant moved for a mistrial on the grounds that the trial judge had commented on the evidence. Overruling the objection, the judge stated that the jury should disregard anything said concerning the evidence in this case.
The trial judge's comment is not within the prohibition of La.Code Crim.Pro. art. 772. He did not comment on, or recapitulate evidence, nor repeat the testimony of a witness. Nor did he give an opinion of what had been proved, not proved, or refuted. Even if this was a comment on the evidence, it was made while the judge was giving reasons for his ruling on an objection. Provided they are not unfair or prejudicial, a trial judge's remarks made while giving reasons for a ruling are not objectionable as comments on the case. State v. Taylor, 347 So.2d 172 (La.1977). Defendant has shown no unfairness or prejudice in these remarks. Therefore this assignment lacks merit.

ASSIGNMENT OF ERROR NO. 4
In this assignment defendant contends that he was denied due process and a fair trial because the trial court failed to hold a witness in contempt for refusing to comply with an order of the court and failed to admonish a witness to tell the truth.
While cross-examining Charles Smith, defense counsel requested that Smith read a transcript of a conversation between Smith and a private investigator. Smith asked that someone else read the transcript because he did not read very well. When the trial court ordered Smith to read the transcript, he replied that he could not read at all. In addition when defense counsel questioned Smith about the identity of a person who called Smith the day after the murder, Smith gave vague and indefinite answers. When the trial judge ordered him to answer the question, Smith replied that he did not know the person's identity.
The judge's refusal to hold the witness in contempt under these circumstances is not reversible error. However suspect the witness's answers might have been, they did terminate the basis for further questioning. This assignment lacks merit.

ASSIGNMENT OF ERROR NO. 5
Defendant contends that the trial judge erred in failing to charge the jury that second degree murder requires specific intent to kill and that if the jurors had a reasonable doubt as to any or all grades of the offense, they must acquit the defendant. The trial transcript, however, indicated that the trial judge did inform the jury that second degree murder requires specific intent and that the state must prove beyond a reasonable doubt the crime charged in the indictment and the included crimes. Because the transcript indicates that the trial judge committed no error, this assignment lacks merit.

ASSIGNMENTS OF ERROR NOS. 6 AND 7
Defendant contends that the trial court erred in denying his motion for a new trial. In that motion defendant argued that the trial judge erred in failing to admonish the jurors not to discuss the case except among themselves and in allowing them to separate in a public restaurant after the case was submitted for deliberation.
Louisiana Code of Criminal Procedure Article 791 provides:
A jury is sequestered by being kept together in charge of an officer of the court so as to be secluded from outside communication.

*651 In capital cases, after each juror is sworn he shall be sequestered.
In noncapital cases, the jury shall be sequestered after the court's charge, and may be sequestered at any time upon order of the court.
At the hearing on a motion for a new trial, the deputy in charge of the jury testified that the members of the jury dined in a small room just off the main dining area of the restaurant. Two jurors who could not be seated at the main table were six to eight feet away at a second table. Both the deputy and defense counsel, who was also in the restaurant at the time in question, testified that no one other than the jurors was in the small room and that no one communicated with them.
Defendant relies on State v. Martin, 329 So.2d 688 (La.1976) to argue that whenever the jurors are separated, a presumption of misconduct arises. In Martin, a capital case, the jurors were allowed to go home after they were sworn and were separated for twenty-one hours. The presumption which arose in Martin is not warranted in this case. There was no real separation of the jury. Two jurors were separated by only six to eight feet and none of the jurors were out of the deputy's sight. There is no evidence that third persons communicated with the jurors or of any other form of misconduct. This assignment lacks merit.

Decree
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED
DIXON, J., concurs.

ON DENIAL OF REHEARING
PER CURIAM.
Defendant urges in his application for rehearing that we erred in not considering the merits of his contention under Assignment of Error No. 1 that the trial judge erred in allowing the state's witness, Charles Smith, to testify concerning inculpatory statements made by defendant to him despite the state's failure to comply with La.Code Crim.P. art. 768. Pretermitting this question, we have reviewed the contention raised under this assigned error on the merits and have determined that there is no substance to the contention. We consider that the state substantially complied with La.Code Crim.P. art. 768. Accordingly, the rehearing is denied.
TATE, J., is of the opinion that rehearing should be granted.