Freddie MARTIN, Petitioner-Appellant,

v.

Frank C. BLACKBURN, Warden, and
William Guste, Jr.,
Respondents-Appellees.

No. 79–2002
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 7, 1979.

Rehearing Denied Dec. 3, 1979.

Freddie Martin, pro se.

Marvin Opotowsky, Asst. Dist. Atty., Appellate Div., New Orleans, La., for respondents-appellees.

* Fed.R.App.P. 34(a); 5th Cir.R. 18.

Before, BROWN, Chief Judge, KRAV-ITCH and FRANK M. JOHNSON, Jr., Circuit Judges.

FRANK M. JOHNSON, Jr., Circuit Judge:

In 1972, in a Louisiana state court, Freddie Martin was indicted for aggravated rape. Following a jury trial he was convicted and sentenced to life imprisonment but this conviction was reversed on appeal for reasons not relevant here. *State v. Martin*, La.1976, 329 So.2d 688. In 1977, the state obtained an enhancement indictment against Martin. Martin pleaded guilty to aggravated rape with enhancement and was sentenced to 24 years in prison. At the time he pleaded guilty Martin was informed that the maximum possible sentence was 40 years. The waiver of constitutional rights and plea of guilty form executed by Martin and his attorney is attached as an appendix.

After exhausting state remedies Martin petitioned the United States District Court for habeas corpus relief. The petition was denied and this Court granted a certificate of probable cause.

■ First, appellant argues in support of his petition for habeas relief that the 24-year sentence imposed following his guilty plea is actually more severe than his original life sentence. He contends that this is so because, due to the enhancement, he will be confined in less comfortable conditions and his chances of parole will be decreased, and because, due to the enhancement, should he ever commit another crime his sentence will automatically be more severe. While it is true that a judge may not impose a heavier sentence following retrial if the purpose of the increase in sentence is to punish a defendant for having successfully attacked his conviction on appeal, *North Carolina v. Pearce*, 395 U.S. 711, 725, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), it is highly questionable whether *Pearce* applies to plea bargaining situations. In any event, even assuming *Pearce* does apply, appellant's arguments lack merit. It is true that should appellant commit a new crime he may automatically receive a much more severe sentence because of the enhancement conviction. La.Stat.Ann. § 15:529.1 (1967); La.Stat.Ann. § 15:529.1 (1978 Supp.).[1] However, the most severe sentence appellant can receive because of enhancement is life imprisonment without parole. Appellant's original sentence was life imprisonment with parole possible only if the governor commuted the sentence. La.Stat.Ann. §§ 15:572, 15:574.3 (1967); 15:572, 15:574.4 (1978 Supp.). Therefore, at most, appellant can receive no greater sentence than he received following the original conviction. Appellant did not argue in the district court that enhancement resulted in stricter confinement and less chance of parole, and therefore we will not consider those contentions here.

■ Appellant next contends that when a defendant successfully attacks a conviction on appeal the state, acting through its prosecutors, may not retaliate by filing a new indictment with increased charges. In support of this contention he relies on *Price v. Georgia*, 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 380 (1970). *Price* is not in point. However, in some circumstances, this argument might be persuasive. *See Hardwick v. Doolittle*, 5th Cir. 1977, 558 F.2d 292, 300–301, *cert. denied* 434 U.S. 1049, 98 S.Ct. 897, 54 L.Ed.2d 801. Here, however, there was no retaliation. Even with the enhancement conviction appellant's sentence follow-

---

1. § 529.1 Sentences for second and subsequent offenses; certificate of warden as evidence

   A. Any person who, after having been convicted within this state of a felony, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government or country of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:

   (1) If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-third the longest term and not more than twice the longest term prescribed for a first conviction; . . . .

ing appeal is lighter than his original sentence. Thus, appellant cannot argue that the state violated due process by using the enhancement threat to obtain a guilty plea. *See Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978). It is clear that there was no unconstitutional retaliation.

■ Next appellant argues that he received no effective assistance of counsel. He alleges that the enhancement indictment was unconstitutional, therefore his lawyer was ineffective because he failed to object to the indictment or to inform the appellant that it was defective. Since, as we have previously noted, the enhancement was constitutional, this argument is without merit.

■ Appellant next alleges that his attorney erroneously informed him that he could be sentenced to life imprisonment if he rejected the plea bargain and went to trial, when, under state and federal law, he actually risked a maximum possible sentence of only 20 years by going to trial. This argument is without merit for two reasons. First, since the enhancement was constitutional, appellant faced a maximum possible sentence of 40 years rather than 20 years. La.Stat.Ann. § 15:529.1(A)(1). There is no question in this case but that at the time the appellant pleaded guilty he was informed that he faced a maximum possible sentence of 40 years. *See* Appendix. Therefore, even if his attorney did misinform him, the misinformation was corrected at the time of the plea bargaining procedure.

Louisiana case law gives substantial support to the proposition that a defendant in the position that appellant was in at the time he was sentenced may be sentenced to life imprisonment. In fact, appellant was sentenced to life imprisonment following his first conviction. *State v. Martin*, La. 1976, 329 So.2d 688, at 690. A lawyer examining the state of the law in Louisiana could have reasonably concluded that appellant risked life imprisonment if he rejected the state's plea bargain. In fact, it is not at all clear why the Louisiana state judge and the prosecutor determined that appellant faced a maximum of only 40 years. *U. S. v. Cook*, 5th Cir. 1972, 461 F.2d 530, is distinguishable. In *Cook* this Court held that counsel was ineffective, not simply because counsel had given erroneous advice, but because counsel's error resulted from inexcusable ignorance of well-settled precedent. In this case, while the Louisiana law may have been confused in this area, and, assuming that appellant's lawyer did advise appellant that a life sentence was possible, there was case law supporting this advice.

■ Appellant's final argument is that his lawyer failed to tell him that the death penalty provision of the aggravated rape statute had been held unconstitutional so that appellant pleaded guilty from fear of the death penalty. Appellant asserts that this error, too, rendered his counsel ineffective. Appellant did not raise this claim in the district court. Furthermore, the claim contradicts appellant's previous allegation that the lawyer told him he faced a maximum possible sentence of life imprisonment. This claim is without merit.

The judgment of the district court in denying the petition for the writ of habeas corpus is AFFIRMED.

Appendix to follow.

APPENDIX

**CRIMINAL DISTRICT COURT**

PARISH OF ORLEANS

STATE OF LOUISIANA

SECTION F

**Judge Oliver P. Schulingkamp**

STATE OF LOUISIANA      No. _226-466_

VS

_FREDDIE MARTIN_      Vio. _14:42_

**79-2002**

**WAIVER OF CONSTITUTIONAL RIGHTS
PLEA OF GUILTY**

I, _FREDDIE MARTIN_ , on my plea of GUILTY
to the crime of _A G-G-R N VA I-G-D RAPE_

have been informed and understand the charge to which I am pleading guilty. _F. M_

I understand that I have a right to trial and if convicted a right to appeal and by entering
a plea of guilty in this case I am waiving my rights to trial and appeal. _F. M_

The acts constituting the offense to which I am pleading guilty have been explained to
me as well as the fact that for this crime I could possibly receive a sentence of _F. M_
_20 YRS AT HARD LABOR AND 40 YEARS AT HARD
LABOR AS A MULTIPLE OFFENDER._

I understand that by pleading guilty that I am waiving my rights to confront and cross-
examine the witnesses who accuse me of the crime charged, to compulsory process of the
court to require witnesses to appear and testify for me, the privilege against self-incrim-
ination or having to take the stand myself and testify, and to have preliminary pleadings
filed and heard on my behalf. _F. M_

I am entering a plea of guilty to this crime because I am, in fact, guilty of this crime. _F M_

I have not been forced, threatened or intimidated into making this plea. _F. M._

I am fully satisfied with the handling of my case by my attorney and the way in which he

has represented me. _F. M._ _IT HAS BEEN AGREED THAT IF I
BY PLEA BARGAINING ENTER THIS PLEA I WILL ONLY BE SENTENCED AS A
DOUBLE OFFENDER TO 24 YEARS AT HARD LABOR_

_Dec 8 1977_      _Freddie Martin_

Date                 Defendant

Judge                 Attorney for Defendant

The Judge has addressed me personally as to all of these matters and he has given me
the opportunity to make any statement I desire.

_____
Defendant