DOMENGEAUX, Judge.
On September 29, 1982, the defendant was charged by bill of information with distribution of Phenmetrazine, a controlled dangerous substance classified in Schedule II of the Uniform Controlled Dangerous Substances Act, a violation of La.R.S. 40:967. Defendant was also charged with distribution of Talwin, a controlled dangerous substance classified in Schedule IV of the above Act, a violation of La.R.S. 40:969.
The defendant was tried before a twelve person jury and found guilty of both offenses. Defendant Gallow was then sentenced to serve two (2) years on Count One and six (6) years on Count Two, to run consecutively.
The defendant filed a motion for mistrial based on allegations that jurors were improperly sworn and not sequestered. The motion for mistrial was denied. The defendant appeals his conviction and the denial of his motion for- mistrial alleging essentially two assignments of error.
FACTS
Jury selection for defendant’s trial was set for March 14,1983. On that date, three juries were selected including defendant’s jury. The first jury was selected to try an aggravated rape case. The second jury was to try a forgery case. According to the defendant, the selection of defendant’s jury began at 2:00 P.M. and ended at approximately 6:00 P.M. This jury, as well as each of the other two juries, was then sworn in at 6:15 p.m.
Jurors for all three cases, after their selection, without having been sworn and admonished, were permitted to return to the audience. During the lunch hour and recesses, all jurors were permitted to walk around the courthouse and grounds.
The defendant filed a motion for mistrial arguing that because jurors were not sequestered and were not sworn in individually, immediately after their acceptance, the defendant was denied trial by an impartial jury. The defendant appeals the denial of his motion for mistrial and his conviction.
ASSIGNMENT OF ERROR NO. 1
The defendant argues through this assignment that he was denied trial by an impartial jury because each juror was not sworn immediately after acceptance. The defendant correctly argues that La.C.Cr.P. Art. 788 requires that a juror be sworn immediately after acceptance:
“When a prospective juror is accepted by the state and the defendant, he shall be sworn immediately as a juror.” La.C. Cr.P. Art. 788. [Emphasis added.]
There is no dispute as to the fact that none of the twelve jurors were sworn immediately after selection. The record reflects that the jury was sworn and charged collectively after the selection of the last juror.
The defendant alleges that allowing the jurors to walk around the courthouse freely after being accepted, without having been previously sworn, destroyed the jurors’ impartiality. The defendant asserts that this probably encouraged free discussion and that jurors probably discussed things of a criminal nature.
The defendant does not allege, nor does the record reflect, any particular exchanges between any of the jurors and an outsider or each other. The defendant argues only in terms of generalities but makes no specific showing of any behavior which could have resulted in prejudice to the defendant. It should be noted that although the defendant implies that the individuals selected for this jury walked about the courthouse freely all day while other jurors for this trial were being selected, the record reflects, as stipulated to by the prosecutor and defense counsel, that the jurors were out of the courtroom only during lunch and recess. Furthermore, this defendant’s jury voir dire took place from 2:00 p.m. to 6:00 p.m.; the jurors selected for defendant’s case were only out of the courtroom during recess, if outside the courtroom at all. The record does not reflect how many recesses were called, if any, or the duration of any recesses which *1290 may have been called. Thus defendant has shown no more than a remote possibility that some discussion, about some criminal activity, may have taken place between prospective and already selected jurors. In effect, defendant’s argument is premised on the failure to follow La.C.Cr.P. Art. 788, which he claims strictly raises a presumption that the jury is no longer an impartial jury. But the Code provides for no such presumption, conclusive or rebuttable. Moreover, before this jury’s verdict could be set aside, the defendant would have to make a showing that some conversation did in fact take place between selected jurors and others as dictated by the Louisiana Supreme Court. The Court interpreted the application of statutory procedures for the selection of the venire:
“Any variation from the strict letter of the law does not permit the composition of a petit jury to be set aside because of insignificant technicalities or irregularities unless there is a showing that some fraud has been practiced or great wrong committed which would work irreparable injury to the accused.” State v. Perry, 420 So.2d 139 (La.1982).
The defendant has not demonstrated that his constitutional right to an impartial jury was violated merely as a result of inconsequential noncompliance with the selection of the. venire.
The Code of Criminal Procedure does clearly and explicitly require that jurors be sworn immediately after selection. La.C. Cr.P. Art. 788; State v. Martin, 329 So.2d 688 (La.1976). However, neither the Code nor the courts have commenced since the addition of this provision in 1966 as to the ramifications of the court’s failure to swear accepted jurors immediately after their acceptance.
The defendant cites State v. Martin, supra, in support of his argument to set aside this jury’s conviction. However, the issues in Martin are not dispositive to the case at bar. In Martin, a capital case, the jurors were not sworn immediately after acceptance. In addition, the jurors were permitted to return home for approximately 21 hours after being selected and sworn. This clearly violated the rules of sequestration as provided for in La.C.Cr.P. Art. 791. In view of all these circumstances, the conviction was set aside. The court based its decision in that case on the failure to comply with C.Cr.P. Art. 791. The Court stated that:
“[t]he failure to immediately swear the jurors only compounds the error. Thus, the combination of these two factors requires that the conviction and sentence be set aside.” State v. Martin, supra at 691.
However, other language in Martin reflects the Court’s examination of the underlying policy considerations of La.C.Cr.P. Art. 788. The Court explained:
“Although no comment to Article 788 sheds light upon the reason for this requirement, it is certain that it is clearly expressed. We can agree that it establishes a better practice. A juror should be made aware of the solemnity of his responsibility at the time of his acceptance. To defer the oath is to defer this awareness and perhaps encourage activity which is incompatible with a juror’s duties.” State v. Martin, supra at 690.
From this reasoning, the defendant would have to show that some activity which was incompatible with a juror’s duties did, in fact, take place. The defendant herein make no such showing but merely argues that the court should presume that such activity may have occurred and therefore the jury was not an impartial jury.
Inasmuch as the defendant has failed to make a showing that any impermissible conversation actually occurred between the jurors who sat on his jury and others or even among themselves, he has failed to show some great wrong committed which would work irreparable injury to the accused.
There is no merit to this assignment of error.
*1291 ASSIGNMENT OP ERROR NO. 2
The defendant also argues that the jurors, as they were selected, should have been sequestered. The defendant asserts that because the jurors were allowed to walk about the courthouse and grounds freely, it can be presumed that discussions took place which rendered it unlikely that the jury could remain impartial.
The record does not reflect that defendant at any time moved for sequestration nor did the defendant raise any objection to the procedure complained of during voir dire. Thus it appears that this assignment was not properly preserved for appeal. However, the Courts have held, even when the defendant does move for sequestration, that the trial judge in his discretion may deny such motion both as to prospective jurors or selected jurors. State v. McAllister, 253 La. 382, 218 So.2d 305 (1969).
“This court has repeatedly held, that there is no abuse of discretion in the denial of a motion to sequester either selected or prospective petit jurors. State v. James, 305 So.2d 514 (La.1974); State v. Robinson, 302 So.2d 270 (La.1974); State v. Ferdinand, 285 So.2d 530 (La.1973).” State v. Monk, 315 So.2d 727 (La.1975).
See also State v. Turner, 253 La. 763, 220 So.2d 67 (1969).
This assignment is without merit.
DECREE
For the above and foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.