**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Larry P. LIPPERT,**
**Defendant-Appellant.**

**No. 83–3614.**

United States Court of Appeals,
Sixth Circuit.

Argued June 6, 1984.

Decided Aug. 13, 1984.

---

Michael G. Dane, Federal Public Defender, Cleveland, Ohio, for defendant-appellant.

Thomas M. Bauer, Asst. U.S. Atty., Cleveland or Akron, Ohio, for plaintiff-appellee.

Before MARTIN, Circuit Judge, CELEBREZZE, Senior Circuit Judge, and McRAE, Chief District Judge.*

BOYCE F. MARTIN, Jr., Circuit Judge.

Larry Lippert appeals his jury conviction for bank robbery and holding a bank employee as a hostage in violation of 18 U.S.C. § 2113(a)(d) and (e). On January 14, 1983, Lippert was charged in a three-count indictment and the case was assigned to Judge Alvin Krenzler. On March 11, pursuant to a Rule 11(e) plea agreement, Lippert pled guilty to Counts II and III of the indictment. In exchange for Lippert's plea, the United States agreed to recommend to the court that Lippert's sentence not exceed thirty years. On April 22, Lippert made a motion to withdraw his guilty plea. This motion was initially denied but was subsequently granted on June 6. Thereafter, Judge Krenzler recused himself. The case was reassigned to Judge Sam Bell. Following the withdrawal of Lippert's original counsel, Judge Bell appointed the Federal Public Defender to represent Lippert. A jury trial was held on August 23, and Lippert was found guilty by a jury on all three counts. Judge Bell sentenced Lippert to thirty-five years imprisonment on Counts I and II and to twenty-five years on

---

* Honorable Robert M. McRae, Jr., Chief United States District Judge for the Western District of Tennessee, sitting by designation.

Count III. These sentences were to run consecutively.

On appeal, Lippert makes two arguments. First, he claims he was denied his right to effective assistance of counsel because his original counsel allowed him to make oral and written confessions to the FBI without a full understanding of the charges against him. Second, he argues he was given a sixty-year sentence only because he chose to stand trial rather than adhere to his guilty plea. This, he contends, was a violation of the rule of *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

■ Regarding his first claim, Lippert contends he was denied effective assistance of counsel because his lawyer was not fully aware of the charges against him, and failed to explain the various options available to him. We disagree. The record affirmatively indicates that Lippert's original trial counsel was well aware of all the charges. The district court correctly found that counsel consulted Lippert on a daily basis from the time he was first arrested by state officers on December 28, 1982 until January 6, 1983. In fact, counsel warned Lippert not to talk with anyone about the charges against him. Also, counsel was able to arrange a plea bargain "package," at Lippert's urging, which provided for incarceration in a federal prison rather than a state prison. Despite the warning and plea arrangement, Lippert voluntarily chose to talk with state and federal authorities. Lippert's apparent motive for talking to the authorities was his belief that his accomplices in the bank robbery had failed to give him his share of the money taken in the robbery. Lippert cannot now be heard to complain about the performance of his original trial counsel. He has failed to provide any evidence that his counsel's performance was deficient, nor has he established that any of his counsel's activities on his behalf prejudiced his defense. *See Strickland v. Washington*, — U.S. —, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984); *Lockett v. Arn*, 728 F.2d 266 at 270–271 (6th Cir., 1984).

Second, Lippert argues that the district court was required to affirmatively explain on the record the reasons for the increase in severity of the sentence imposed after his jury trial. *See North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). We see nothing in the record supporting Lippert's assertion that his increased sentence was imposed to punish him for exercising his right to stand trial. There is no evidence of judicial vindictiveness. In *Pearce*, the Court held a trial judge was not constitutionally prohibited from imposing a harsher sentence on retrial after a successful attack of an initial conviction. The Court stated, however, that due process does require that a "defendant be freed of apprehension of such retaliatory motivation on the part of the sentencing judge." *Pearce*, 395 U.S. at 725, 89 S.Ct. at 2080 (footnote omitted). Therefore, "whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear." *Id.* at 726, 89 S.Ct. at 2081. The rationale of the *Pearce* decision has been applied in several different pretrial and trial situations. *See Colten v. Kentucky*, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972); *Chaffin v. Stynchcombe*, 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973); *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974); *Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978); *United States v. Goodwin*, 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982); *Thigpen v. Roberts*, — U.S. —, 104 S.Ct. 2916, 82 L.Ed.2d 23 (1984). In each of these cases the court has noted "that the Due Process Clause is not offended by all possibilities of increased punishment upon retrial after appeal, but only by those that pose a realistic likelihood of vindictiveness." *Blackledge v. Perry*, 417 U.S. at 27, 94 S.Ct. at 2102; *See also United States v. Goodwin*, 457 U.S. 368, 373, 102 S.Ct. 2485, 2489, 73 L.Ed.2d 74; *Thigpen*, — U.S. at —, 104 S.Ct. at 2918. The Court, however, has not spoken on the applicability of *Pearce* to post-plea-bargain sentencing proceedings.

■ Here, we find no likelihood of vindictiveness in Judge Bell's imposition of a more severe sentence than was first proposed in Lippert's plea agreement. We note that Judge Bell was not involved in Lippert's earlier plea bargaining proceedings. These were conducted by Judge Krenzler. It was only after Lippert voluntarily withdrew his guilty plea that Judge Krenzler chose to recuse himself. Judge Bell was then assigned the case. While aware of the fact that the case was not a new one, there is no indication in the record that Judge Bell was aware of the earlier plea bargain proceedings. Moreover, Lippert has not asserted that Judge Bell had any knowledge about the earlier proceedings. As noted in *Colten v. Kentucky,* 407 U.S. at 116–18, 92 S.Ct. at 1960–61, and *Chaffin v. Stynchcombe,* 412 U.S. at 26–28, 93 S.Ct. at 1982–83, where a different judge or a different jury impose a harsher sentence after an earlier conviction has been set aside, the possibility of vindictiveness is remote. Here, that possibility is further diminished because there was no prior conviction and sentence subject to enhancement. Furthermore, Lippert has failed to allege or establish any evidence of vindictiveness, nor have we found anything in the record which would demonstrate even the slightest hint of vindictiveness in Judge Bell's sentence. In sum, the record is devoid of *any* evidence indicating that Judge Bell's sentencing decision was either actually or potentially motivated by vindictiveness toward Lippert.

■ We are, however, unwilling to formulate a per se rule regarding the applicability of *Pearce* to post-plea-bargain sentencing proceedings. *But cf. Frank v. Blackburn,* 646 F.2d 873, 885 (5th Cir.1980) (en banc), *cert. denied,* 454 U.S. 840, 102 S.Ct. 148, 70 L.Ed.2d 123 (1981); *Ehl v. Estelle,* 656 F.2d 166, 169 (5th Cir.1981), *cert. denied,* 455 U.S. 953, 102 S.Ct. 1459, 71 L.Ed.2d 669 (1982); *see also Martin v. Blackburn,* 606 F.2d 92, 93 (5th Cir.1979), *cert. denied,* 446 U.S. 911, 100 S.Ct. 1841, 64 L.Ed.2d 265 (1980) ("it is highly questionable whether *Pearce* applies to plea bargaining situations"). It is enough to state that Lippert has failed to establish that Judge Bell's sentence was imposed to punish him for exercising his right to stand trial. The failure to affirmatively explain on the record the reasons for the more severe sentence does not violate due process in the absence of evidence indicating judicial vindictiveness. Lippert has no constitutional right to have the earlier proposed plea bargain specifically enforced. *See Mabry v. Johnson,* —— U.S. ——, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984). This is especially true here because it was Lippert who chose to forego the benefits of the earlier plea agreement.

The judgment of the District Court is AFFIRMED.