**UNITED STATES of America, Plaintiff,**

v.

**Charles F. COLLINS, Defendant.**

**No. 83–60664.**

United States District Court,
E.D. Michigan, S.D.

Oct. 19, 1984.

John L. Newcomer, Detroit Strike Force, Detroit, Mich., for plaintiff.

Bernard P. Paige, Birmingham, Mich., for defendant.

## MEMORANDUM OPINION

FEIKENS, Chief Judge.

On April 3, 1984, a jury found Charles F. Collins guilty on three counts of making false declarations to a grand jury. Through new counsel, defendant brought a motion for a new trial on the grounds that trial counsel rendered ineffective representation amounting to a denial of the sixth amendment right to "Assistance of Counsel." I heard and denied this motion on October 5, 1984. This opinion supplements that ruling.

## I. BACKGROUND

Defendant, Charles F. Collins, was the Executive Secretary and Executive Director of the Michigan Conference of Teamsters Welfare Fund (Fund) from August, 1979, through August, 1983. The Fund awarded a pre-paid capitation dental service contract to Delaware Professional Services, Inc. (Delaware) in 1979. In 1983, a United States Grand Jury was investigating the award of this contract and the role of defendant, Allen Dorfman, and Sol Schwartz, if any, in assisting Edward Brown (Delaware's President) in presenting Delaware's plan to the Trustees of the Fund (Trustees). In connection with that investigation, defendant testified before the Grand Jury in June, 1983.

The three-count indictment alleges that defendant knowingly testified falsely be-

fore the Grand Jury concerning the relationship between Brown, Dorfman and Schwartz, and their alleged attempt to influence the Trustees to award a dental contract to Delaware. Each count of the indictment refers to a question and answer exchange between defendant and the U.S. Attorney. In each case, defendant's answers were substantially the same: "I don't believe so," "Not that I recall," "Not that I'm aware of," etc.

In a four-day trial, the Government offered a substantial amount of evidence indicating that, despite defendant's testimony, he did have knowledge of the events and relationships about which he was questioned before the Grand Jury. This evidence included 15 tape-recorded telephone conversations in which the various participants were defendant, Brown, Dorfman and Schwartz. These conversations flatly contradicted defendant's Grand Jury testimony. The Government also offered evidence from which the jury could infer that defendant *knowingly* made false declarations before the Grand Jury. The thrust of defendant's defense was that due to an alcohol-related loss of memory, his testimony before the Grand Jury was not knowingly false. The jury apparently rejected this defense and, in light of the overwhelming evidence to support the Government's case, found defendant guilty on all three counts.

Defendant argues that his trial counsel, Ernest Levin, failed to provide the effective assistance of counsel guaranteed by the sixth amendment. Specifically, defendant argues that trial counsel's representation was ineffective due to counsel's failures to: 1) object in a timely manner to the admission into evidence of certain tape recordings; 2) interview or contact three witnesses identified to him who would testify on defendant's behalf; 3) read and analyze properly the Government's trial memoran-

dum; and 4) investigate, develop and present effectively the defense of alcohol-related loss of memory. While I believe that there may have been some deficiencies in Levin's representation, I find that defendant has failed to establish that he was deprived the "Assistance of Counsel" guaranteed by the sixth amendment.

## II. DISCUSSION

The sixth amendment to the United States Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." The United States Supreme Court has recognized that "the right to counsel is the right to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 1449 n. 14, 25 L.Ed.2d 763 (1970). A defendant may be deprived of this right where his attorney is incompetent, and fails to render "adequate legal assistance." *Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). The Supreme Court recently considered claims of "actual ineffectiveness" of counsel,[1] and articulated a two-part test for determining when counsel's assistance is so defective as to deprive the defendant of the effective assistance of counsel.

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it can-

---

**1.** Claims of actual ineffectiveness of counsel rest on an attorney's incompetence and unprofessional errors and omissions. Deprivation of the right to effective assistance of counsel will also be found where the Government interferes with counsel's ability to exercise his professional judgment, *see Geders v. United States*, 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976) (govern-

ment prohibiting consultation between an attorney and his client during an overnight recess), or where an attorney is unable to render adequate legal assistance, *see Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980) (attorney conflict of interest). *See generally Strickland v. Washington*, —— U.S. ——, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

not be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland v. Washington,* — U.S. —, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). *See also United States v. Lippert,* 740 F.2d 457, 459 (6th Cir.1984). The guiding principle in analyzing claims of actual ineffectiveness of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland,* 104 S.Ct. at 2064. Here, defendant failed to establish that he was deprived a fair trial which produced a just result.

■ The first asserted error of trial counsel was his failure to enter a timely hearsay objection to the Government's wire-tap evidence. While it is true that counsel did not object to the tapes until several of them had been played to the jury, I find that defendant suffered no prejudice as a result. When the objection was raised, I carefully considered it in light of *United States v. Enright,* 579 F.2d 980 (6th Cir.1978), and ruled that there was no merit to the objection. I made a preliminary finding that the recorded conversations were held pursuant to a joint venture or conspiracy, and that therefore, the tapes were admissible under the co-conspirator exception to the hearsay rule, Fed.Rule Evid. 801(d)(2)(E) [2] (Tr. 444–46). Since my ruling would have been the same whenever

the objection was raised, I find that defendant was not prejudiced by counsel's tardy objection.

The three remaining asserted errors of trial counsel are related to each other, and concern the failure to investigate and present effectively the defense of an alcohol-related loss of memory. First, Levin never contacted Sharon Hooper (defendant's secretary) and Gerald Wiedyk (defendant's assistant) even though defendant informed him of these witnesses.[3] They would have testified that during the period in which defendant testified before the Grand Jury, he was under a great deal of stress, and was often forgetful and disoriented. Second, Levin failed to research and analyze adequately the Government's trial memorandum. Had he done so, defendant argues, Levin would have tried harder to rebut the Government's state of mind evidence, and prove that defendant honestly could not remember the events he was asked about. Third, Levin did not adequately investigate and present to the jury the defense of an alcohol-related loss of memory. Specifically, Levin sought no medical advice on the effects of alcohol on the brain, and failed to present expert medical testimony to the jury.

■ While trial counsel's conduct may have been professionally unreasonable,[4] that fact alone does not amount to a sixth amendment violation. Under *Strickland,* defendant must also show that counsel's

---

**2.** More precisely, Fed.Rule Evid. 801(d)(2)(E) provides that "a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy" is not hearsay.

**3.** Defendant also argues that Edward Brown would have testified on defendant's behalf had he been requested to do so. *See* Affidavit of Edward Brown. I do not find this affidavit credible, and moreover, even if Mr. Levin failed to contact Brown, this error did not prejudice defendant. By letter dated February 28, 1984, Brown indicated to the Government, through counsel, that if called to testify in this case, Brown would invoke his fifth amendment right against self-incrimination. Accordingly, since Brown would not have testified in any event, defendant was not prejudiced by counsel's failure to contact Brown.

**4.** I rest my findings on the second prong of the *Strickland* test; that is, I find only that the asserted errors of counsel did not prejudice defendant. I have assumed without deciding, for purposes of this motion, that counsel's conduct was deficient. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland,* 104 S.Ct. at 2070. Nonetheless, there are aspects of trial counsel's conduct that trouble me. I take this opportunity to remind attorneys that they have an ethical obligation to represent their clients zealously within the bounds of the law.

errors prejudiced his rights: "Even if a defendant shows that particular errors of counsel were unreasonable ... the defendant must show that they *actually had an adverse effect on the defense.*" *Strickland*, 104 S.Ct. at 2067 (emphasis added). In order to show that counsel's errors actually prejudiced defendant, he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 104 S.Ct. at 2068. Here, no such showing was made.

First, defendant failed to make any showing, by way of affidavit or otherwise, as to the availability and substance of any further testimony. This is particularly troubling with respect to the proposed medical evidence concerning alcohol's effect on the memory. Defendant has left me to speculate as to whether such evidence is available, and if so, whether it would concern alcohol's effect generally, its effect on defendant, its effect on defendant when he testified before the Grand Jury, or something entirely different. Without a more specific showing of what further evidence would have been presented, it would be much too speculative to attempt to determine the effect that evidence could have on a jury. As I read *Strickland*, I may not engage in this sort of speculation. Accordingly, I find that defendant has failed to carry his affirmative burden of proving that he was prejudiced by counsel's errors. *See Strickland*, 104 S.Ct. at 2067 ("actual ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice.").

Second, even if I were to engage in such speculation, I still would be unable to find that defendant was entitled to a new trial. This record provides no reasonable basis for concluding that counsel's errors were so serious and prejudicial as to undermine confidence in the jury's guilty verdict. The Government offered abundant evidence establishing guilt. The wire-tap evidence unequivocally contradicts defendant's Grand Jury testimony, and indeed, defendant does not contest that his testimony was false. The Government also proved beyond a reasonable doubt that defendant *knowingly* testified falsely before the Grand Jury. There was ample evidence of defendant's extensive participation in a plan to insure that Delaware obtained the Fund's dental contract. Such conduct is not likely to be forgotten, even by an alcohol-tarnished memory. Moreover, the Government offered the testimony of Lesa Young, which also proved that the relationship between defendant and the other parties involved in the award of the contract was sufficiently developed that defendant probably did not forget the relevant events and relationships. In light of this convincing evidence, the jury rejected the claim of an alcohol-related loss of memory. Perhaps most important, the jury heard defendant's testimony, observed his demeanor and disbelieved his story. In light of the overwhelming evidence tending to prove guilt, I am unable to conclude that, absent counsel's errors, there is a reasonable probability that the outcome of this trial would have been different. *See Strickland*, 104 S.Ct. at 2069 ("a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support.").

### III. CONCLUSION

I find that defendant has failed to establish that he was deprived the effective assistance of counsel within the meaning of *Strickland v. Washington*, —— U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Counsel's failure to enter a timely hearsay objection to certain wire-tap recordings did not prejudice defendant because I ultimately ruled that objection was without merit. My decision would have been the same whenever the objection was raised. I similarly find that defendant was not prejudiced by counsel's alleged errors concerning the defense of an alcohol-related loss of memory. *Strickland* requires that I decline defendant's invitation to engage in

excessive speculation concerning the effect of hypothetical evidence on the jury. Moreover, in light of the overwhelming evidence establishing guilt, I am unable to conclude that there is a reasonable probability that but for counsel's unprofessional errors, the result of this trial would have been different. I find that counsel's conduct did not so undermine the proper functioning of the adversarial process as to render the verdict unreliable. Accordingly, defendant's motion for a new trial shall be, and hereby is, denied.