872 F.2d 1029
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael TERRELL, Petitioner-Appellant,
v.
Ronald C. MARSHALL, Supt., Respondent-Appellee.
 No. 88-3543.
 United States Court of Appeals, Sixth Circuit.
 April 3, 1989.
 
 1
 Before BOGGS and ALAN E. NORRIS, Circuit Judges; and THOMAS A. BALLANTINE, Jr., District Judge.*
 
 ORDER
 
 2
 This pro se Ohio prisoner appeals the district court's judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and the briefs, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Michael Terrell challenged his jury conviction on two counts of aggravated robbery for which he was sentenced to serve two consecutive terms of seven to twenty-five years' imprisonment. His petition for a writ of habeas corpus included eleven grounds for relief: (1) the trial court misled him as to the maximum possible penalty; (2) the trial court erred in denying a motion for mistrial after a state witness identified Terrell as wearing a jail uniform; (3) and (4) Terrell was denied effective assistance of counsel; (5) the trial court erred by admitting a waiver of rights document into evidence; (6) conviction was based on improperly admitted pretrial statement; (7) he was denied counsel at identification line-up; (8) in-court identification was tainted by improper pretrial identification procedure; (9) prosecution used perjured testimony; (10) Terrell's indictment was not properly signed; and (11) the conviction was obtained following an unlawful search and seizure.
 
 
 4
 Terrell filed a motion to amend the petition and claimed his conviction was invalid because the judgment was not properly signed by the trial judge. In a series of additional pleadings, Terrell asserted that all his claims presented in the petition had been presented to state courts and therefore were exhausted.
 
 
 5
 The matter was referred to the magistrate who determined that Terrell had waived grounds numbered three, four, seven, eight, nine, and ten and made no showing of cause and prejudice for his failure to raise these claims in state court proceedings. The magistrate determined that Terrell's remaining claims lacked merit and recommended that the petition should be dismissed. Following de novo review in light of Terrell's objections, the district court adopted the magistrate's report and dismissed the petition.
 
 
 6
 On appeal, Terrell argues that the district court erred by dismissing the petition for a writ of habeas corpus.
 
 
 7
 Upon review we conclude that the district court properly determined that Terrell's third, fourth, seventh, eighth, ninth, and tenth claims, as well as his complaint that the judgment was not signed, were not reviewable. See United States v. Frady, 456 U.S. 152 (1982); Ewing v. McMackin, 799 F.2d 1143, 1148-49 (6th Cir.1986).
 
 
 8
 We further conclude that the district court did not abuse its discretion by dismissing the remaining claims. First, Terrell's claim that the trial judge misled him does not state a constitutional violation. See United States v. Lippert, 740 F.2d 457 (6th Cir.1984). Second, his objection to the reference to his jail uniform does not present a constitutional question under the circumstances of this case. See Brown v. Estelle, 536 F.2d 1037 (5th Cir.1976). Next, in light of the totality of the circumstances, the allegation of police deceit does not render an otherwise valid confession involuntary and inadmissible. See Frazier v. Cupp, 394 U.S. 731, 739 (1969). Lastly, the allegation of an illegal search and seizure is not reviewable in this petition for habeas corpus. Stone v. Powell, 428 U.S. 465 (1976).
 
 
 9
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Ballantine, Jr., U.S. District Judge for the Western District of Kentucky, sitting by designation