372 So.2d 1037 (1979)
STATE of Louisiana
v.
Gerald PARKER.
No. 63355.
Supreme Court of Louisiana.
April 9, 1979.
*1038 Richard A. Thompson, Lawrence Blake Jones, Robert Altman, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Gerald Parker was charged in the same indictment with two separate counts of first degree murder in violation of La.R.S. 14:30. After trial by jury, defendant was found guilty as charged on both counts. A sentencing hearing was conducted before the same jury that determined the issue of guilt, and the jury unanimously recommended that the sentence of death be imposed on defendant as to each count. The trial judge sentenced defendant to death in accordance with the recommendation of the jury. On appeal, defendant relies on sixty-one assignments of error for reversal of his convictions and sentences. Finding merit in one of the assigned errors, we need not consider the others.
Defendant contends the trial court erred in not sequestering the jurors as required by law (Assignments of Error Nos. 2 and 8).[1]
La.Code Crim.P. art. 791 provides in pertinent part:
A jury is sequestered by being kept together in charge of an officer of the court so as to be secluded from outside communication.
In capital cases, after each juror is sworn, he shall be sequestered.
The purpose of the sequestration is to insulate the jurors from outside influence or the possibility thereof, even unconscious; and, in capital cases especially, the sequestration is strictly enforced so that, upon a separation of a juror after he is sworn, a presumption of misconduct arises and reversible error will presumed. State v. Martin, 329 So.2d 688 (La.1976); State v. Smith, 322 So.2d 197 (La.1975); State v. Luquette, 275 So.2d 396 (La.1973); State v. Craighead, 114 La. 84, 38 So. 28 (1905); State v. Hornsby, 8 Rob. 554 (La.1844). This jurisprudential rule is, however, limited by those cases holding that where circumstances are such as to reasonably overcome the presumption of prejudice and where it affirmatively appears that no prejudice to the accused could have resulted, the presumption may be rebutted, so that the mere separation of a juror briefly may be held to be insufficient ground to set aside a verdict. State v. Quincy, 363 So.2d 647 (La.1978); State v. Sheppard, 350 So.2d 615 (La.1977); State v. Smith, supra.
The record reflects that, after each juror was accepted by the state and defense, he or she was sworn as a juror. There is no showing (either in the minutes of court or on the record) that the oath taken by each juror included instructions as to their sequestration. After the first three jurors were sworn, there occurred a ten-minute recess. There is nothing before us to indicate that these jurors (already sworn) were instructed as to the requirements of sequestration or placed under the supervision *1039 of any court officer during this recess. Thereafter, the entire jury was selected and sworn, and the court recessed for lunch, informing the jurors that they would be allowed to make telephone calls to their homes or places of business. Although, at this time, the trial judge did instruct the jurors that they were not to discuss any aspect of the case among themselves or with anyone else, there again is no showing that the jurors' lunch period or telephone calls were supervised by officers of the court.
The trial of this case lasted three days. On the second day of trial, jurors were again allowed to make unsupervised telephone calls to their homes or places of business. In addition, throughout the trial, several recesses were called, prior to which no instructions were given to the jurors as to their sequestration. Although the trial judge admonished the jurors that they were not to read the New Orleans newspapers, jurors were permitted to watch television (excluding news shows) without any apparent supervision by officers of the court. Further, as the trial judge permitted jurors to use their own private transportation to travel back and forth from the courtroom to their hotel, it is apparent that the jurors who used such private transportation were separated from their fellow jurors and under no supervision by court officers during the period of their travels.
Based upon the totality of the facts and circumstances here presented, we cannot say that the procedures employed by the trial court properly insulated the jurors from outside influences or the possibility thereof, even unconscious. In addition, it is clear that the instant case does not present a situation wherein an isolated violation of the sequestration can be considered harmless. Rather, there occurred a continuing and substantial failure to adhere to the sequestration mandated in a capital case. Moreover, the circumstances are not such as to reasonably overcome the presumption of prejudice to the accused nor are we satisfied that affirmative proof of an absence of prejudice was adequately established. Accordingly, we must reverse.

DECREE
For the reasons assigned, the convictions and sentences are reversed and the case is remanded for a new trial in accordance with the views herein expressed.
SUMMERS, C. J., dissents and assigns reasons.
CALOGERO, J., dissents and assigns reasons.
CALOGERO, Justice, dissenting.
Unlike State v. Martin, 329 So.2d 688 (La.1976) and State v. Luquette, 275 So.2d 396 (La.1973) upon which the majority relies, there was no significant violation of the sequestration rule. Rather the facts here are more like those in State v. Smith, 322 So.2d 197 (La.1975) wherein reversible error was found not to have occurred.
SUMMERS, Chief Justice (dissenting).
I dissent for the reasons assigned by Mr. Justice CALOGERO.
NOTES
[1] Defendant's contention, grounded upon the alleged failure of the trial court to sequester the jurors as required by law, is made for the first time on appeal. Defendant neither objected to the sequestration procedures at trial nor relied upon this alleged error in his motion for a new trial. In fact, several times throughout the trial, defense counsel expressly assented to the trial court's sequestration procedures. We note, however, that the jurisprudence of this state has long recognized that it is not necessary for a defendant to complain of injury resulting from the failure of the trial court to sequester jurors as required by law, nor may an accused prejudice his rights by affirmatively consenting to such a method of conducting his trial. State v. Luquette, 275 So.2d 396 (La. 1973); State v. Craighead, 144 La. 84, 38 So. 28 (1905). See also State v. Hornsby, 8 Rob. 554 (La.1844).