371 So.2d 1327 (1979)
STATE of Louisiana
v.
Dwayne WILLIS.
No. 64258.
Supreme Court of Louisiana.
May 30, 1979.
*1328 Ronald J. Gillen, Dalton, Gillen & Roniger, Jefferson, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., James Maxwell, Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-respondent.
PER CURIAM.
The issue presented by this case is whether a jury, once retired to deliberate its verdict in a felony prosecution, may be released unsequestered over the weekend before a verdict has been reached. We find that such a procedure violates the clear terms of Louisiana Code of Criminal Procedure Article 791, and requires the reversal of defendant's conviction.
Defendant was charged by bill of information with armed robbery, a violation of La.R.S. 14:64. His trial before a twelve person jury commenced on February 8, 1979, and on the afternoon of Friday, February 9, the jury was charged and retired to deliberate its verdict. When no decision was forthcoming by 6:00 p. m. that evening, the trial court interrupted the deliberations and allowed the jurors to return to their homes for the weekend. Trial resumed at 9:30 a. m. on Monday morning, resulting in a guilty verdict at 11:05 a. m. Defendant filed a motion in arrest of judgment grounded upon the separation of the jury, and after it was denied, applied to this Court for supervisory writs, which we granted.
La.C.Cr.P. Art. 791 provides:
A jury is sequestered by being kept together in charge of an officer of the court so as to be secluded from outside communication.
In capital cases, after each juror is sworn he shall be sequestered.

In noncapital cases, the jury shall be sequestered after the court's charge, and may be sequestered at any time upon order of the court. (emphasis supplied)
Noncompliance with the mandatory[1] provisions of the article is an error patent on the fact of the record, reviewable even without formal objection or motion. La.C.Cr.P. Art. 920(2); State v. Parker, 372 So.2d 1037 (La.1979); State v. Martin, 329 So.2d 688 (La.1976).
The purposes of sequestration are to insulate the jurors from outside influence, or the possibility thereof, and to insure that their verdict will be based upon the evidence developed at trial. State v. Parker, supra; State v. Marchand, 362 So.2d 1090 (La.1978). So strictly is the prophylactic rule enforced that upon separation of the jury a presumption of prejudice arises which may only be rebutted if it affirmatively appears that no prejudice to the accused could have resulted. See, State v. Parker, supra; State v. Marchand, supra. The extended separation of the entire jury in the present case exposed it to improper influences which can only be a subject of speculation; as there is no indication that defendant was not prejudiced thereby, we find that reversible error occurred.
Accordingly, defendant's conviction is reversed and the case is remanded to the district court for a new trial.
NOTES
[1] By the terms of the article, sequestration of the jury is mandatory in capital cases and following the court's charge in noncapital cases.