446 So.2d 1197 (1984)
STATE of Louisiana
v.
Robert SPENCER.
No. 82-KA-2196.
Supreme Court of Louisiana.
February 27, 1984.
*1198 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Kay Kirkpatrick, John Sinquefiled, Ralph L. Roy, Asst. Dist. Attys., for plaintiff-appellee.
David Price, M. Michele Fournet, Edwin C. Scott, Baton Rouge, for defendant-appellant.
DENNIS, Justice.
Defendant, Robert Spencer, was indicted for first degree murder, convicted by a jury of second degree murder and sentenced to life imprisonment, without benefit of parole, probation or suspension of sentence. He appealed alleging 14 assignments of error. Because none of them have merit, the defendant's conviction and sentence are affirmed.
On the evening of May 7, 1981, defendant Robert W. Spencer visited with his half-brother and the brother's girlfriend at their house. During the evening the half-brother, Stanley Allen Smith, went out to a bar to purchase quaaludes. While there, he met a seaman, Arvid Mikkelsen, who was carrying a large amount of cash. By telephone, Smith asked his girlfriend, Beth E. Bourgeois, to lure the seaman from the bar to their house so that Smith could rob him. Bourgeois went to the bar and was introduced by Smith to Mikkelsen. Smith returned home and persuaded defendant Spencer to help him rob the seaman. When Bourgeois brought Mikkelsen to the house, Smith and Spencer hid in the back bedroom, and Bourgeois gestured for Mikkelsen to enter the bedroom. As Mikkelsen entered, Smith struck him in the back of the head with a piece of driftwood and a wine bottle. A struggle began during which Mikkelsen was beaten severely about the face and head; he also sustained multiple stab wounds to his chest, back and flank. Mikkelsen's hands were tied behind his back, a pillowcase was placed over his head, and he was dumped in a deserted area where fishermen found his body the next day.
Since we have found that all but three of Spencer's assignments of error concerned settled application of accepted principles of law, we have rendered our decision on those assignments in an unpublished opinion.

*1199 Assignment of Error No. 5

By this assignment, defendant argues that the trial court erred in excusing a juror after the entire jury was sworn and empanelled, outside the presence of appellant and his attorney. The argument presents, or at least suggests, a two-pronged attack: (1) the trial court erred in dismissing the regular juror because he was not unable to perform his duty; (2) the court's action denied the defendant his right to be present at every stage of the proceeding. Ultimately, we conclude that this assignment is without merit.
Code of Criminal Procedure article 789 provides that an alternate juror "shall replace jurors who become unable to perform or disqualified from performing their duties prior to the time the jury retires to consider its verdict...." The regular juror who was discharged was confined to a wheelchair. During the voir dire, in response to questioning, he stated that the only reason he would be unable to serve was "that if the accommodations that the facility where you will house the jurors does not have accessible restroom facilities..." The trial judge inquired about the facilities and informed the juror that the hotel would be able to accommodate any special needs that he may have. After the juror's selection, sequestration and arrival at the hotel with the other jurors that evening, however, it was discovered that the bathroom doors were too narrow for his wheelchair. The trial judge was informed by telephone about this situation and the juror's growing discomfort at about 6:30 p.m. After briefly considering and rejecting the alternatives of separating the handicapped juror or moving the entire jury, the trial judge decided the only feasible course was to discharge the juror immediately and send him home. The trial judge did not inform counsel of the action until the next morning in court, at which time the defendant's attorney moved unsuccessfully for a mistrial.
First, under the circumstances of this case the discharged juror was, because of his handicap, unable to perform his duties as a juror. Although the jury ultimately returned a second degree murder verdict, this was a capital case in which it was required that each juror be sequestered after he was sworn. Code of Crim. Proc. art. 791(B). The purpose of the sequestration is to insulate the jurors from outside influence or the possibility thereof, even unconscious; and, in capital cases especially, the sequestration is strictly enforced so that, upon a separation of a juror after he is sworn, a rebuttable presumption of misconduct and reversible error arises. State v. Parker, 372 So.2d 1037 (La.1979). To move the entire jury to another hotel without any prior arrangements would have been impracticable and disruptive. To separate the handicapped juror from the jury on the chance that he could be housed in another hotel with wider bathroom doors would have invited reversible error. Consequently, although the juror's confinement to a wheel chair may not have rendered him unable to perform his duties in another type of case or in a situation in which more careful prearrangements had been made, in the context of this case, he was not able to perform as a juror.
Second, Code of Criminal Procedure article 831(3) provides that a defendant charged with a felony shall be present at the calling, examination, challenging, empanelling, and swearing of the jury and "at any subsequent proceedings for the discharge of the jury or a juror." Id. See State v. White, 244 La. 585, 153 So.2d 401 (1963). This rule is broader than the defendant's constitutional right to be present at all stages of the trial where his absence might frustrate the fairness of the proceedings, Faretta v. California, 422 U.S. 806, 819 n. 15, 95 S.Ct. 2525, 2533, 45 L.Ed.2d 562 (1975), see Snyder v. Massachusetts, 291 U.S. 97, 106-08, 54 S.Ct. 330, 332-33, 78 L.Ed. 674 (1934); United States v. Jorgenson, 451 F.2d 516, 521 (10th Cir.1971), cert. denied, 405 U.S. 922, 92 S.Ct. 959, 30 L.Ed.2d 793 (1972), however, and does not prevent a trial court from acting summarily to dismiss a juror in an emergency unless the defendant can show that he has *1200 been prejudiced thereby. Although every effort should be made to afford the defendant and his attorney an opportunity to be present and to be heard before a juror is discharged, situations may sometimes arise when a respect for the rights of jurors will require the judge to take immediate action without consulting counsel, e.g., if a juror is taken so ill that he cannot come to court or has a family emergency requiring him to leave during the night or over a weekend. United States v. Garafolo, 385 F.2d 200 (1967); vacated on other grounds, 390 U.S. 144, 88 S.Ct. 841, 19 L.Ed.2d 970 (1968); United States v. Houlihan, 332 F.2d 8 (2d Cir.1964), cert. denied 379 U.S. 828, 85 S.Ct. 56, 13 L.Ed.2d 37 (1964).
In the present case, the judge's proper respect for the rights and needs of the handicapped juror required him to take immediate action without consulting counsel. The handicapped juror had placed the court and counsel on notice of the risk that he would be unable to serve if the hotel bathroom facilities were inadequate. Accordingly, when it was learned at 6:30 p.m. after the court had recessed for the day, that the handicapped juror who had been sequestered in this capital case was unable to use the toilet facilities in the hotel where the jury was sequestered, the trial judge was presented with an emergency justifying his summary action. In the absence of such an exigency, of course, the judge would have been obliged to conduct a hearing or at least confer with counsel in chambers or by telephone before taking action. However, under exigent circumstances summary action does not constitute error in the absence of a showing of prejudice, and defendant has shown none.

Assignments of Error Nos 6 & 7
By these assignments defendant contends that the trial court erred when it denied a motion for a mistrial based on the "improper exclusion of blacks from the jury" and when it denied defense an opportunity to present evidence on the issue. We hold that defendant waived this objection by failing to object at the time of selection of the jury. Defendant objected to the composition of the jury on the second day of trial, one hour before the State rested its case. As we held in State v. Bazile, 386 So.2d 349 (La.1980), a purported error in the selection of the jury cannot be availed of on appeal unless a contemporaneous objection is lodged, pursuant to La.C.Cr.P. art. 841. That article states: "An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence." In State v. Bazile, supra, we applied this rule to irregularities occurring in the selection of the jury. Here, the manner of selecting the jury was not complained of until midway into the trial. Therefore, it was not error for the trial court to have denied a motion for mistrial based on improper exclusion of certain jurors.
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.