laBOWES, Judge.
Defendant, Shawn Wicken, was convicted of two counts of armed robbery, in violation of La.R.S. 14:64. Defendant was sentenced on each count to fifteen years at hard labor without benefit of probation, parole, or suspension of sentence, to run concurrently.
Defendant appealed. Because we find reversible error in the trial of the defendant, we vacate and set aside defendant’s conviction and sentence and remand the matter for further proceedings.
On appeal, defendant alleges that the trial court erred in denying a defense request to excuse a juror who stated she could not be fair.
|3In the present case, after the jury was picked, but prior to opening statements, defense counsel asked the judge to remove Mrs. Malone from the jury panel because he overheard a conversation in which she said that “if she lost a hundred dollars today from her employment, there would be no fair trial.” Over defendant’s objection, the trial judge denied defendant’s request to remove her from the jury panel, and stated that she had spoken with the juror about the matter outside of the presence of defendant and his counsel:
I spoke with her after that conversation occurred. I believe I calmed her down. I will comment, for the record, two things. Number one, she was the first one here this morning. She walked in at eight o’clock. I just generally go in and chat with the jurors. She’s in good spirits; just asked if she could bring her Kleenex in the courtroom, since she seems to have a bad cold. She’s been out and had a cigarette this morning. That seems to make her happy, too. I will also comment that if this goes past today, we’re going to lose Mr. Fleming tomorrow. If I excuse her, I’m probably going to have to excuse three or four and we’re never going to get finished with this trial. I think she is sufficiently calmed, that she is going to make a good | ¿juror, and I’m going to deny your motion, and I’m going to caution all of you that there will be no lateness, because when we are due back in here I’m going to come out and sit on the Bench with the jury in here and they are going to see who is late; so there will be no more late, period, during this trial. They’re anxious to get this finished. They all have other things to do. I *806 think they’re going to be a good jury, but there will be no late from anybody.
Defendant now contends that he was denied a fair trial by an impartial jury, especially in light of the fact that the trial judge spoke to the juror off the record and without counsel being present.
La.C.Cr.P. art. 831 lists the instances when a defendant charged with a felony shall be present. One instance when his presence is required is “... at the calling, examination, challenging, impanelling and swearing of the jury, and at any subsequent proceedings for the discharge of the jury or of a juror ... ”. The language of La.C.Cr.P. art. 831 is mandatory. State v. Granier, 570 So.2d 77 (La.App. 4 Cir.1990).
In this case, the trial judge stated on the record that she had a conversation with a juror for the express purpose of determining whether that juror should or should not be discharged, outside of the presence of the defendant and his counsel. The Louisiana Supreme Court has held that a [.¡trial judge conducting proceedings outside of a defendant’s presence to determine a juror’s competency to serve “has the effect of vitiating the entire proceedings.” State v. Copeland, 419 So.2d 899 (La.1982), appeal after remand, 530 So.2d 526 (La.1988), cert, denied, 489 U.S. 1091, 109 S.Ct. 1558, 103 L.Ed.2d 860 (1989), rehearing denied, 490 U.S. 1077, 109 S.Ct. 2092,104 L.Ed.2d 655 (1989); State v. White, 244 La. 585, 153 So.2d 401 (La. 1963).
It has been recognized that an exception to La.C.Cr.P. art. 831 exists when the defendant is voluntarily absent, State v. Granier, supra, or when an emergency situation exists, State v. Spencer, 446 So.2d 1197 (La. 1984). Neither situation is present in the case before us.
Accordingly, we hold that the trial court committed reversible error in conversing with a juror for the purpose of determining whether that juror could render a fair and impartial verdict, without the presence of the defendant and his counsel. For the above reasons, the defendant’s conviction and sentence are vacated and set aside and the matter is rémanded for a new trial.
CONVICTION AND SENTENCE VACATED AND CASE REMANDED.