JiDUFRESNE, Judge.

STATEMENT OF THE CASE

The Jefferson Parish District Attorney filed a bill of information charging the defendant, Richard Hampton, with theft of goods valued at $100.00 to.$500.00, in violation of LSA-R.S. 14:67.10. The defendant was arraigned and entered a plea of not guilty. A jury of six persons was empaneled and following a discussion with one of the jurors regarding her ability to continue serving on the jury, the defense moved for a mistrial, which the trial court denied. Thereafter, the trial continued and the six member jury unanimously found the defendant guilty as charged.
A multiple' offender hearing was held following the state’s presentation of evidence; the trial court adjudicated the defendant a triple felony offender, vacated the defendant’s original sentence, and sentenced defendant to an enhanced sentence of four (4) years imprisonment at .hard labor, without benefit of parole, probation or suspension of sentence. The |2trial judge stated that the enhanced sentence was to be served concurrently with a sentence that the defendant was already serving.
The defendant urges that the trial judge erred by conducting, without the defendant present, an inquiry to determine whether one of the jurors would be able to serve. Specifically, the defendant complains that the trial judge’s examination of the juror should have been conducted in his presence. He urges this Court to set aside his conviction and sentence and to remand the case for further proceedings. We agree.
This Court considered a similar issue in State v. Wicken, 96-345, pp. 4-5 (La.App. 5 Cir: 10/1/96), 683 So.2d 805, 806. After the jury was picked, but prior to opening statements, the defense attorney requested that the trial judge remove a juror because he overheard the juror state that “if she lost a hundred dollars today from her employment, there would be no fair trial.” Id. The trial judge refused to, excuse the juror, explaining that she had already discussed the matter with the juror. On appeal, the defendant complained that he did not receive a fair trial because the trial judge spoke with the.juror off the record and without his attorney, pres-, ent. . • ,,
This Court initially noted that the language of LSA-C.Cr.P. art. 831(A)(3) is mandatory and held that the “trial court committed reversible error in conversing with a juror for the purpose of determining whether that juror could render a fair and impartial verdict, without the presence of the defendant and his counsel.” Wicken, 683 So.2d at 806 (emphasis added). This Court vacated the defendant’s conviction and sentence, and remanded the case for a new trial. ’Id.
In the present ease, it is uneoritested that the defendant'was not present during the' questioning of the juror. Although it'is diffi-' cult to ^determine' what the defendant’s presence could have added; the defendant ' and his counsel should be present át ¿11 proceedings.
Accordingly, we vacate the defendant’s, conviction and sentence and remand for a new trial.

CONVICTION AND SENTENCE VACATED, REMANDED FOR NEW TRIAL.