737 So.2d 699 (1999)
STATE of Louisiana
v.
Richard HAMPTON.
No. 98-K-2605.
Supreme Court of Louisiana.
May 28, 1999.
*700 Richard P. Ieyoub, Attorney General, Paul D. Connick, Jr., District Attorney, Ellen Steman Fantaci, Terry M. Boudreaux, Gretna, Thomas S. Block, New Orleans, Counsel for Applicant.
Bruce G. Whittaker, New Orleans, Counsel for Respondent.
PER CURIAM:[*]
Although unable to determine what his presence "could have added," State v. Hampton, 98-105, pp. 2-3 (La.App. 5th Cir. 7/28/98), 716 So.2d 484, 485, the court of appeal reversed the defendant's conviction and sentence for felony theft in violation of La.R.S. 14:67(B)(2) on grounds that, over the objection of defense counsel, the trial court had excluded defendant from a meeting in chambers during which a juror expressed anxiety over the possibility that "like if he gets [found] guilty, him knowing my name, he might come after me, or get somebody to come, you know." After a colloquy in which defense counsel fully participated, the trial court allayed the juror's fears, which she admitted were based on nothing more than general uneasiness and not on any specific conduct by the defendant or anyone associated with him, and retained her on the panel over defense objection. The court of appeal felt compelled to reverse because under Louisiana law, "the defendant and his counsel should be present at all proceedings." Hampton, 98-0105 at 3, 716 So.2d at 485.
The court of appeal erred. La. C.Cr.P. art. 831, subd. A(3) provides that a defendant charged with a felony shall be present at the calling, examination, challenging, empaneling, and swearing of the jury and "at any subsequent proceedings for the discharge of the jury or juror." See State v. White, 244 La. 585, 153 So.2d 401, 409 (1963) ("[O]nce a juror has been qualified as competent to serve and swornall in the presence of the defendant he cannot thereafter be disqualified as incompetent to serve unless the defendant is present.") (footnote omitted); see also State v. Copeland, 419 So.2d 899, 905 (La.1982) (trial judge committed reversible error when he communicated with two jurors outside the presence of the defendant and his counsel "and determined that they were able to continue to serve on the jury without complying with La.C.Cr.P. art. 831, subd. A(3)'s mandate that defendant be present at such stage of the proceedings."). This rule is broader than the accused's right under the Due Process Clause "to be present at a proceeding `whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge.... [T]he presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only.'" United States v. Gagnon, 470 U.S. 522, 526, 105 S.Ct. 1482, 1484, 84 L.Ed.2d 486 (1985) (quoting Snyder v. Massachusetts, 291 U.S. 97, 105-106, 108, 54 S.Ct. 330, 332, 333, 78 L.Ed. 674 (1934)). Nevertheless, the right conferred by La. C.Cr.P. art. 831, subd. A(3) is not absolute and may be tempered by exigent circumstances arising at trial. See State v. Spencer, 446 So.2d 1197, 1200 (La.1984) ("Although every effort should be made to afford the defendant and his attorney an *701 opportunity to be present and to be heard before a juror is discharged, situations may sometimes arise when a respect for the rights of jurors will require the judge to take immediate action without consulting counsel...."); see also State v. Chester, 97-2790, p. 9 (La. 12/1/98), 724 So.2d 1276, 1283 ("[T]he judge may address the jury outside the defendant's presence when such communication is within the bounds of a trial-related necessity.") (citations omitted).
In this case, the juror approached the bench during the lunch recess which followed jury selection and informed the court that the defendant was "scaring" her. The juror's emotional upset was obvious from the tears which accompanied her statement. Defense counsel saw the brief exchange, approached the bench, and conferred with the judge, who advised counsel of the problem and told him he had sent the juror to lunch to try to relax. The court deferred ruling on defense counsel's motion to excuse the juror and substitute the alternate. In the chambers conference which followed the recess, the judge rejected the prosecutor's suggestion that he conduct the interview with the juror ex parte but agreed that the defendant should not be present. The court gave both the prosecutor and defense counsel an opportunity to question the juror and then determined on the basis of her answers that "she said she was paranoid, not because of this particular person, just the fact that it was a criminal offense, and because of her age she was nervous, but I think that at this point ... she's able, and capable to serve as a juror."
The record of the proceedings shows that the defendant's presence in chambers would likely have forestalled any inquiry into the juror's emotionally-charged but generalized and ultimately unfounded concerns and would thereby have thwarted, not advanced, the purpose of the hearing to determine the juror's fitness to continue on the panel. See Gagnon, 470 U.S. at 528, 105 S.Ct. at 1485 (when a juror expressed concern about the defendant's conduct during trial, the presence of the defendant during an in-chambers conference conducted by the court with the juror "could have been counter-productive.") The court did, however, make sure of counsel's presence to protect defendant's interests and to preserve the record for later appellate review of counsel's renewed motion at the close of the hearing to remove the juror from the panel. Ultimately, the only substantive assignment of error urged on appeal concerned the exclusion of the defendant from the in-chambers hearing.
Under the circumstances of this case, we find no reversible error by the trial court in excluding the defendant as a matter of trial exigency from the in-chambers conference conducted with counsel present to determine the basis of the juror's initial complaint and extent of her emotional upset as it affected her continued fitness to serve on the panel. Accordingly, we reverse the judgment of the court of appeal, reinstate the defendant's conviction and sentence, and remand this case to the district court for execution of sentence.
JUDGMENT OF THE COURT OF APPEAL REVERSED; CONVICTION AND SENTENCE REINSTATED; CASE REMANDED.
NOTES
[*] Calogero, C.J., not on panel. See La. S.Ct. Rule IV, Part II, § 3.