# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## KA 03-891


**STATE OF LOUISIANA**

**VERSUS**

**CEDRIC LYNN SIAS**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 265,913
HONORABLE DONALD T. JOHNSON, DISTRICT JUDGE


**\*\*\*\*\*\*\*\*\*\***


**ELIZABETH A. PICKETT**
**JUDGE**


**\*\*\*\*\*\*\*\*\*\***


Court composed of Billie Colombaro Woodard, Glenn B. Gremillion, and Elizabeth A. Pickett, Judges.

**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**

**James C. Downs**
**District Attorney**
**James M. Buck**
**Assistant District Attorney**
**Ninth Judicial District Court**
**701 Murray Street**
**Alexandria, LA  71301**
**(318) 473-6650**
**Counsel for Plaintiff/Appellee:**
        **State of Louisiana**

**Paula Corley Marx**
**Louisiana Appellate Project**
**P. O. Box 80006**
**Lafayette, LA  70598-0006**
**(337) 991-9757**
**Counsel for Defendant/Appellant:**
        **Cedric Lynn Sias**

**Cedric Lynn Sias**
**Rapides Parish Detention Center**
**7400 Academy Drive**
**Alexandria, LA  71303**
**Counsel for Defendant/Appellant:**
      **Cedric Lynn Sias**

PICKETT, Judge

## FACTS

The defendant and his wife, Joyce Sias, were married on March 17, 1988. They separated on January 1, 2002. On May 6, 2002, when Joyce arrived at her residence and was exiting her vehicle, she was struck in the top of the head by a bullet fired by the defendant.

The defendant, Cedric Lynn Sias, was charged by bill of information on July 17, 2002, with attempted second degree murder, a violation of La.R.S. 14:27 and La.R.S. 14:30.1. The defendant entered a plea of not guilty on July 26, 2002. Jury selection in this matter began on December 10, 2002. On December 12, 2002, the jury returned a verdict of guilty of aggravated battery in violation of La.R.S. 14:34.

The State filed a habitual offender bill on January 13, 2003. On February 10, 2003, the defendant was sentenced to ten years with the Louisiana Department of Corrections, with credit for time served. A *pro se* Motion for Appeal was filed on February 17, 2003. The motion was granted on February 25, 2003. A second *pro se* Motion for Appeal was filed on March 12, 2003 and was denied as untimely. A *pro se* Motion to Reconsider Sentence was filed on March 19, 2003 and was denied on April 1, 2003. On April 21, 2003, the defendant filed a *pro se* Motion to Quash the habitual offender bill. The motion was denied after a hearing on June 23, 2003. Defense counsel filed a Motion for Appeal and Designation of Record on April 21, 2003. The Appeal was granted and made returnable on May 25, 2003.

On August 11, 2003, the defendant was adjudicated a habitual offender, the sentence imposed on February 10, 2003 was vacated, and the defendant was sentenced to serve fifteen years at hard labor. The defendant appeals his conviction.

## DISCUSSION

The appeal filed by appellant's counsel, and the *pro se* appeal filed by the appellant set forth the same, single assignment of error. The appellant contends that the trial court erred in holding the selection/challenging of prospective jurors out of court, off the record, and out of his presence. The appellant specifically contends the procedure used by the trial court to select/challenge jurors violated his right to be present, to effective assistance of counsel, to due process, to trial by a fair and impartial jury, to a public trial, and to full appellate review.

Jury selection in this matter began on December 10, 2002. Voir Dire of Jury Panels I, II, and III was conducted in open court.

JURY PANEL I

At the conclusion of voir dire of Jury Panel I, the judge made the following comments:

> Thank you. Ladies and gentlemen, at this time, what we're going to do, counsels and myself, we're going to retire to - - to decide whether or not you should serve on this jury, okay. And that when you return in fifteen minutes . . . . I will give you the names of those that are selected. . . . Counselors, I'll meet with you in chambers.

The court minutes indicate the following occurred: "Court, State and Defense retire to the back for the selection of jurors. Defendant not present during this process." Court reconvened with the defendant present. The judge then named the selected jurors and the remainder of Jury Panel I was dismissed.

JURY PANEL II

At the conclusion of voir dire of Jury Panel II, the judge made the following comments: "Ladies and gentlemen, we're going to go through this process again . . . . At 3:35, everyone  please return and please take your seats here. In the meantime, I'll meet with counsels in chambers." The court minutes regarding Jury Panel II read

2

as follows: "The Court, State and Defense then meet in the back for the selection of jurors. Accused not present during this process." Court reconvened with the defendant in attendance. The judge then named the jurors selected to serve on the jury and dismissed the remainder of Jury Panel II.

JURY PANEL III

Voir Dire of Jury Panel III ended and the judge made the following comments: "Ladies and gentlemen, I would ask that you please keep your seat. I'll meet with counsels. We're going to go through the deliberative process of making a final selection, and, hopefully, we'll have a jury after this panel. . . . I'll meet with counsels in chambers." The court minutes indicate the following occurred: "Court retired to the back for the selection of jurors. Accused not present during this time." Court reconvened with the defendant present. The judge then named the jurors selected to serve and all remaining members of the jury venire were released.

Louisiana Code of Criminal Procedure Article 831 provides in pertinent part:

> A. Except as may be provided by local rules of court in accordance with Articles 522 and 551, a defendant charged with a felony shall be present:
>
> . . . .
>
> (3) At the calling, examination, challenging, impaneling, and swearing of the jury, and at any subsequent proceedings for the discharge of the jury or of a juror. . . .

The Louisiana Supreme Court discussed the scope of La.Code Crim.P. art. 831 in *State v. Broaden*, 99-2124 (La. 2/21/01), 780 So.2d 349, *cert. denied*, 534 U.S. 884, 122 S.Ct. 192 (2001), as follows:

> The rule [set out in art. 831] is broader than an accused's due process right to be present at all stages of trial when his absence might frustrate the fairness of the proceeding. [*State v. Hampton*, 99-2605, pp. 1-2 (La. 5/28/99), 737 So.2d 699, 700], citing *United States v. Gagnon*, 470 U.S. 522, 105 S.Ct. 1482, 84 L.Ed.2d 486 (1985).

3

Yet the provisions of Article 831 are not absolute. In addition, an accused may waive his presence by voluntary absence, La.Code Crim. Proc. art. 832, or by not objecting to his absence from an Article 831A(3) hearing, as required under the general contemporaneous objection rule to preserve the matter. La.Code Crim. Proc. art. 841; *State v. Taylor*, 93-2201, pp. 4-7 (La. 2/28/96), 669 So.2d 364, 367-69.

*Id*. at 360.

In *Broaden*, discussions were held in chambers to determine whether several jurors remained qualified to serve on the jury. During the examination, the state inquired as to whether the defense objected to the defendant's absence. The state believed the defendant's presence was not required because the matter being investigated was a jury matter. Defense counsel indicated the defendant's presence was not required and it was not necessary to waive his presence. The court made the following ruling regarding the necessity of the defendant's presence or a waiver thereof:

In this case, defense counsel was likely mistaken in believing that neither his client's presence nor a waiver was required for the "subsequent proceedings for the discharge of . . . a juror[.]" La.Code Crim. art. 831A(3). In any event, the defendant's interests were fully represented. One or both defense attorneys attended all proceedings and participated throughout. While no request for the accused's presence in chambers was made, there was no objection to his absence. The circumstances support a conclusion that the defense acquiesced in the accused's exclusion from the chambers proceedings. With no objection, the matter is not preserved. La.Code Crim.P. art. 841; *Taylor*, 93-2201 at pp. 4-7, 669 So.2d at 367-69.

*Id*.

The defendant was present during all portions of the jury selection process except the in chambers discussions wherein jury challenges were exercised. The court minutes indicate defense counsel was present during all three conferences held in chambers. At no time did the defendant or defense counsel object to the challenging of jurors being held in chambers, off the record, and out of the presence of the

defendant. Accordingly, these issues were not preserved for review.

The defendant contends that if the error in excluding him from the out-of-court portion of the jury selection process is procedurally barred, the failure of trial counsel to object to the selection process held in his absence constitutes ineffective assistance of counsel.

In *State v. Griffin,* 02-1703, pp. 8-10 (La.App. 4 Cir. 1/15/03), 838 So.2d 34, 40, our brethren of the Fourth Circuit, with whom we agree, reviewed the law applicable to claims of ineffective assistance of counsel stating as follows:

Generally, the issue of ineffective assistance of counsel is a matter more properly addressed in an application for post conviction relief, filed in the trial court where a full evidentiary hearing can be conducted. *State v. Prudholm,* 446 So.2d 729 (La.1984); *State v. Johnson,* 557 So.2d 1030 (La.App. 4 Cir.1990); *State v. Reed,* 483 So.2d 1278 (La.App. 4 Cir.1986). Only if the record discloses sufficient evidence to rule on the merits of the claim do the interests of judicial economy justify consideration of the issues on appeal. *State v. Seiss,* 428 So.2d 444 (La.1983); *State v. Ratcliff,* 416 So.2d 528 (La.1982); *State v. Garland,* 482 So.2d 133 (La.App. 4 Cir.1986); *State v. Landry,* 499 So.2d 1320 (La.App. 4 Cir.1986).

The defendant's claim of ineffective assistance of counsel is to be assessed by the two part test of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Fuller,* 454 So.2d 119 (La.1984). The defendant must show that counsel's performance was deficient and that he was prejudiced by the deficiency. Counsel's performance is ineffective when it can be shown that he made errors so serious that counsel was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment. *Strickland, supra,* 466 U.S. at 686, 104 S.Ct. at 2064. Counsel's deficient performance will have prejudiced the defendant if he shows that the errors were so serious as to deprive him of a fair trial. To carry his burden, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland, supra,* 466 U.S. at 693, 104 S.Ct. at 2068. The defendant must make both showings to prove that counsel

5

> was so ineffective as to require reversal. *State v. Sparrow,* 612 So.2d 191, 199 (La.App. 4 Cir.1992).
>
> This Court has recognized that if an alleged error falls "within the ambit of trial strategy" it does not "establish ineffective assistance of counsel." *State v. Bienemy,* 483 So.2d 1105 (La.App. 4 Cir.1986). Moreover, as "opinions may differ on the advisability of a tactic, hindsight is not the proper perspective for judging the competence of counsel's trial decisions. Neither may an attorney's level of representation be determined by whether a particular strategy is successful." *State v. Brooks,* 505 So.2d 714, 724 (La.1987).

*State v. Schexnaider*, 03-144, pp. 17-18 (La.App. 3 Cir. 6/4/03), 852 So.2d 450, 462.

The defendant makes general allegations that he was denied due process, the right to a fair and impartial jury, the right to a public trial, and the right to full appellate review. In his *pro se* brief, the defendant asserts "[t]here were certain juror I didn't want and certain ones I did want, but how could I challenge when I wasn't present or allowed to be there." The defendant also asserts, in his *pro se* brief, that the outcome of the trial could have been different.

The defendant did not object at trial to his absence during the jury challenging process and, thus, the in chambers process of challenging jurors did not violate his right to due process. *See Broaden*, 780 So.2d 349. The defendant was afforded the right to a public trial. The defendant does not put forth any proof that the jury was not fair and impartial. The defendant does not allege that he was prejudiced by the make up of the jury, that there were errors made during the jury selection process, and that any peremptory challenges or challenges for cause were improperly granted or denied by the trial court. Although the defendant alleges he would have selected other jurors, he does not discuss which jurors he would have excused or which jurors his attorney excused that he wanted to keep. Inasmuch as the defendant has not put forth sufficient evidence to show he was prejudiced by the jury challenging process, he has not met

6

his burden of proof on his claim of ineffective assistance of counsel.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record we find one error patent and one error in the minutes of sentencing.

The trial court erroneously informed the defendant that the two-year prescriptive period for filing post-conviction relief began on the date he was sentenced rather than on the date his conviction became final. Louisiana Code of Criminal Procedure Article 930.8 provides that the two-year prescriptive period does not begin to run until the judgment of conviction and sentence become final. Accordingly, this matter is remanded and the trial court directed to inform the defendant of the correct provisions of Article 930.8 by sending him written notice within ten days of the rendition of this opinion and to file written proof that the defendant received the notice in the record of this proceeding.

We further note the minutes of the habitual offender sentencing contains an error. The minutes indicate that the trial court ordered the defendant's sentence be served without benefit of parole while the transcript of sentencing contains no such restriction. "When there is a conflict between the transcript and the minutes, the transcript prevails." *State v. Guillory*, 00-00386, p. 11 (La.App. 3 Cir. 11/2/00), 773 So.2d 794, 805, *writ denied*, 00-3334 (La. 11/9/01), 801 So.2d 362. In the present case, the trial court is ordered to amend the minutes of sentencing to correctly reflect the sentence imposed.

## DECREE

The defendant's conviction is affirmed. The case is remanded, and the trial court is directed to inform the defendant of the correct time frame within which he has

7

to file post-conviction relief under Article 930.8 by sending him written notice within ten days of the rendition of this opinion. The trial court is also directed to file written proof that the defendant received the notice in the record of this proceeding. Additionally, the trial court is ordered to amend the minutes of sentencing to correctly reflect that the defendant's sentence was not imposed without benefit of parole.

**AFFIRMED AN D REMANDED WITH INSTRUCTIONS.**