# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## KA 17-803


**STATE OF LOUISIANA**

**VERSUS**

**KEITH HERNANDEZ**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. CR-2014-3483
HONORABLE ERROL DAVID DESHOTELS, JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JOHN E. CONERY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Phyllis M. Keaty, John E. Conery, and Van H. Kyzar, Judges.


**AFFIRMED.**

**Paula Corley Marx**
**Louisiana Appellate Project**
**Post Office Box 82389**
**Lafayette, Louisiana  70598**
**(337) 991-9757**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Keith Hernandez**

**Herbert Todd Nesom**
**District Attorney**
**Joe Green**
**Assistant District Attorney**
**33rd Judicial District Court**
**Post Office Box 839**
**Oberlin, Louisiana  70655**
**(337) 639-2641**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **State of Louisiana**

**CONERY, Judge.**

Defendant appeals the trial court's denial of his motions for mistrial and for new trial based on its failure to keep the jury sequestered during deliberations pursuant to La.Code Crim.P. art. 791.

Defendant Keith Hernandez was charged with two counts of aggravated incest with a child under the age of thirteen, violations of La.R.S. 14:78.1,[1] and with indecent behavior with a juvenile, a violation of La.R.S. 14:81. Essentially, Defendant was charged with aggravated incest of two children (his daughter and her half-sister) who were under the age of thirteen at the time of commission, and of indecent behavior with a child who was under the age of thirteen at the time of commission. A jury found Defendant guilty on one count of the responsive verdict of attempted aggravated incest pursuant to La.R.S. 14:27 (attempt) and 14:78.1.

After the jury rendered its verdict, defense counsel moved for a mistrial alleging that the trial court had failed to properly sequester the jury during its deliberations in accordance with La.Code Crim.P. art. 791. The trial court denied the motion.

Following his conviction, the State then billed Defendant as a fourth felony offender. After a proper habitual offender hearing, Defendant was adjudicated as charged as a fourth felony offender and sentenced to fifty years at hard labor without benefits in accordance with La.R.S. 15:529.1.

---

[1] Louisiana Revised Statutes 14:78.1 defined aggravated incest at the time the alleged crimes were committed, between August 1, 2012 and June 30, 2013. Subsequently, the legislature repealed La.R.S. 14:78.1 and "[changed] all references in Louisiana law from . . . 'aggravated incest' to 'aggravated crime against nature'", effective June 12, 2014. The offense of aggravated crime against nature can be found in present-day La.R.S. 14:89.1.

The trial court also denied Defendant's post trial motion for new trial, which it heard at the habitual offender adjudication and sentencing hearing. On appeal, Defendant seeks to vacate his conviction and sentence and have this court order a new trial based on the failure of the trial court to properly sequester the jury. For the following reasons, we affirm Defendant's conviction and sentence.

## FACTS AND PROCEDURAL HISTORY

After the jury had been charged and had deliberated for several hours, the jury foreperson sent a note to the trial court indicating the jury was "widely opposed on all charges" and questioning the length of time they had to reach a verdict. It was 6:30 in the evening. After meeting with counsel outside of the jury's presence, the trial court called the jury back in to the courtroom.[2] It explained that the jury could "take as much time as [they] need[ed] to go over this matter. [It did] not want to feel that it's pressuring [the jury] at all to reach a conclusion." The trial court then offered the jurors three options: first, to continue deliberations through dinner that evening; second, to deliberate for another hour if they thought they could reach a conclusion; or third, to break for the evening and begin deliberations again in the morning. The trial court explained that if the jury decided to go home for the evening and stay

---

[2] The following colloquy occurred during the sidebar:

| | |
|---|---|
| The Court: | [I]f the jury decides that they want to break and come back tomorrow I am inclined to restrict them to stay at their homes and not go attend social functions . . . where, you know, they may be subject to have some people talk to them or other people talk to them. Does anybody have a problem with that? |
| Mr. Savoy: | No, sir. |
| The Court: | Or any suggestions other than that? |
| Mr. Green: | And if anyone tries to contact them about their service to report it to the Court. |
| The Court: | Sure. Is that okay? |
| Mr. Green: | Yeah. Uh huh. |
| Mr. Savoy: | Yes, sir. |
| The Court: | Okay. That is what we will do. All right. Thank you. |

home, the jury members would be ordered to go directly home and stay there and refrain from social activities or conversations about the case. It further conditioned the overnight separation: "if anybody should talk to you or try to talk to you while you're home then report immediately to the court about that situation."

The jury chose to go home. Before releasing the jury for the evening, the trial court again admonished the jurors:

> [D]o not discuss this matter with anybody including your spouses. You are to discuss this with each other only and only while you're in the jury room, okay? And the court will sequester you in your homes for this evening and tonight. So go straight home.

The next morning, the trial court asked counsel for both parties in the presence of Defendant whether either had any objection to its calling the jurors back in and allowing them to continue their deliberations at that time. No one objected. After the jury notified the trial court that it had reached its verdict, the trial court offered counsel yet another opportunity to bring any issues to its attention before calling the jury back into the courtroom. Defendant was again present with his attorney and neither counsel brought issues to the court's attention or lodged an objection.

The jury was brought in and returned its verdict finding Defendant guilty of one count of attempted aggravated incest and not guilty on all other counts.[3] Defense counsel then orally moved for a mistrial and in the alternative for a new trial. Counsel explained that he had "unwittingly acquiesced into allowing the sequestration of the jury to be broken to allow them to go home" contrary to the mandatory sequestration directions of La.Code Crim.P. art. 791. Since then "[he had] done some research, and juries are not allowed to go back home, they are supposed to remain

---

[3] No one requested polling of the jurors and no polling appears in the record.

sequestered." Defense counsel specifically did not bring the issue to the attention of the trial court until after the jury's verdict had been rendered.

After defense counsel orally moved for mistrial, the State requested the trial court place each juror under oath and question each individually about their activity the previous night. The court's questions included:

> You heard the Court tell you to go home at the end of the day? . . . And not have any discussions about this case with anyone nor allow anyone to talk to you. And if that would happen that you would notify the court? . . . Has anyone talked to you about the case or tried to talk to you about the case? . . . Have you had any discussions with anyone or tried to do any research on your own about this case? . . . Has anyone tried to contact you about it? . . . Did you go anywhere or did you stay at home as ordered by the court?

All of the jurors answered that no one had talked about the case with anyone or had any exposure to outside influence.[4] Neither counsel took advantage of an opportunity to question the jurors after the trial court finished its questioning. The motion was then denied for oral reasons assigned. Defense counsel then filed formal motions for new trial and for mistrial, which were set for hearing.

As previously discussed, the State then filed multiple bill proceedings alleging that Defendant was a fourth felony offender and should be sentenced in accordance with La.R.S. 15:529.1 (the Louisiana Habitual Offender Law). The formal motions for new trial and for mistrial, heard at the same time as the habitual offender proceedings, were also denied. After adjudicating Defendant as a fourth felony offender, the trial court ultimately sentenced Defendant to fifty years at hard labor without benefits pursuant to La.R.S. 15:529.1.

---

[4] One juror indicated she had parked in her daughter's yard before going home but did not speak with anyone; another indicated he had stopped for gas on the way home but did not speak to anyone about the case; and a third indicated he saw his uncles but did not have any discussions with anyone about the case and no one tried to talk to him about the case.

4

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. The supreme court has recognized improper jury sequestration as an error patent subject to a harmless error test. *See e.g. State v. Schrader*, 518 So.2d 1024 (La.1988). The patent error must be evaluated in light of the potential impact on the fairness of the proceedings to determine whether reversal is mandated. *Id.*, *see also* La.Code Crim.P. art. 921.

Additionally, Louisiana courts have "adopted the federal test for harmless error . . . [T]he inquiry 'is . . . whether the guilty verdict actually rendered in *this* trial was surely unattributable to the error.'" *State v. Thompson*, 15-886, (La. 9/18/17), 2017 WL 4125498, at *25 (emphasis in original) (citations omitted).

After reviewing the record, we find an error patent in the trial court's failure to sequester the jury in accordance with La.Code Crim.P. art. 791 after it was charged. Because Defendant also raises this error on appeal, we will contemporaneously review the issue on the merits.

## ASSIGNMENT OF ERROR

Defendant alleges the trial court erred in denying his requests for a mistrial and new trial when the jury was not properly sequestered as required by La.Code Crim.P. art. 791. We are called upon to determine whether allowing the jury to go home overnight once it had been charged was error and, if so, whether Defendant was prejudiced such that a mistrial and/or new trial should have been granted.

## LAW AND DISCUSSION

**Mistrial:**

We review the denial of a motion for mistrial under the abuse of discretion standard of review. *State v. Hopkins*, 626 So.2d 820 (La.App. 2 Cir. 1993).

Defendant argues in this case that a mistrial should have been ordered pursuant to La.Code Crim.P. art. 775, which states:

> A mistrial may be ordered, and in a jury case the jury dismissed, when: . . . (3) There is a legal defect in the proceedings which would make any judgment entered upon a verdict reversible as a matter of law; . . . Upon motion of a defendant, a mistrial shall be ordered, and in a jury case the jury dismissed, when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to obtain a fair trial, or when authorized by Article 770 or 771.

"Mistrial is a drastic remedy, which is warranted only if substantial prejudice resulted which would deprive defendant of a fair trial." *State v. Clay*, 441 So.2d 1227, 1231 (La.App. 1 Cir. 1983), *writ denied*, 446 So.2d 1213 (La.1984). For an appellate court to reverse a trial court's denial of mistrial, the defendant must show actual prejudice resulting from the underlying error. *Hopkins*, 626 So.2d 820.

Defendant alleges the jury was not properly sequestered during deliberations. Louisiana Code of Criminal Procedure Article 791 (emphasis added), which governs jury sequestration, states in part:

> A. A jury is sequestered by being kept together in the charge of an officer of the court so as to be secluded from outside communication, except as permitted by R.S. 18:1307.2.
>
> . . . .
>
> C. In noncapital cases, **the jury shall be sequestered after the court's charge** and may be sequestered at any time upon order of the court.

"The purposes of sequestration are to insulate the jurors from outside influence, or the possibility thereof, and to insure that their verdict will be based upon the evidence developed at trial." *State v. Willis*, 371 So.2d 1327, 1328 (La.1979).

A rebuttable presumption of misconduct and reversible error arises when jurors are separated and not kept sequestered after being charged in noncapital cases.

6

*State v. Spencer*, 446 So.2d 1197 (La.1984). However, courts have determined that this presumption can sometimes be waived when sufficient evidence is offered to rebut the presumption. *See Schrader*, 518 So.2d 1024.

The violation of a sequestration order does not automatically warrant a mistrial absent an indication that the Defendant was materially prejudiced by the infraction. *Hopkins*, 626 So.2d 820. "Mistrial should only be granted when the prejudice suffered by the defendant has deprived him of **any reasonable expectation of a fair trial**." *Id.* at 823 (emphasis added). The determination of whether actual prejudice has occurred lies within the sound discretion of the trial court. *State v. Henry*, 15-321 (La.App. 3 Cir. 11/12/15) 178 So.3d 1134, *writ granted*, 15-2300 (La. 3/24/16), 187 So.3d 984.

Until the Louisiana Supreme Court decided *Schrader*, a long line of jurisprudence dating back to 1844 mandated reversal and remand when a jury was not sequestered in strict conformity with La.Code Crim.P. art. 791. *See Willis*, 371 So.2d 1327; *see also State v. Hill*, 562 So.2d 12 (La.App. 5 Cir.), *writ denied*, 5d 99 (La.1990). However in *Schrader*, our supreme court held that the presumption of prejudice caused by failure to sequester a jury in strict conformity with La.Code Crim.P. art. 791 could be waived in the absence of a showing of actual prejudice when the defendant failed to object to and raise the issue of the jury's separation during trial. The supreme court determined that the "presumption of prejudice for 'capital cases' does not apply to a 'capital case' where the defendant never faced the prospect of the death penalty[,]" and where counsel did not object to the separation or press the issue of sequestration at trial. *Schrader*, 518 So.2d at 1037.

The *Schrader* court distinguished between capital cases with death penalty exposure and those without. It likened those without death penalty exposure to

noncapital cases. It surmised "in a case where the defendant never faced the prospect of a death sentence, there is no more reason to presume prejudice from failure to sequester the jurors than in any other serious felony prosecution." *Schrader*, 518 So.2d at 1037.

Subsequently, in *State v. D.T.*, 08-814 (La.App. 3 Cir. 12/11/08), 998 So.2d 1258, *writ denied*, 09-624 (La. 11/25/09), 22 So.3d 171, a panel of this court determined that the trial court's failure to properly sequester the jury was harmless error. The State did not seek the death penalty and the defendant failed to raise the issue on appeal and "failed to allege or prove any prejudice suffered" resulting from the failure to properly sequester the jury. *D.T.*, 998 So.2d at 1264. Similarly, in *State v. Breaux*, 08-1061 (La.App. 3 Cir. 4/1/09), 6 So.3d 982, the trial court failed to properly sequester the jury, but a panel of this court determined the error was harmless. The defendant was not exposed to the death penalty, did not raise the issue on appeal, and did not prove any prejudice resulting from the potential error.

Post *Schrader,* other circuits have also addressed whether a defendant was materially prejudiced when a jury was not sequestered in strict conformity with La.Code Crim.P. art. 791. When a defendant does not face the death penalty and the trial court questions each juror individually as to any communication they may have had about the case while separated, and further satisfies itself that the jury was not influenced, the presumption of prejudice has been rebutted. *State v. Allen*, 97-696 (La.App. 5 Cir. 1/14/98), 707 So.2d 72, *writ denied*, 98-432 (La. 6/26/98), 719 So.2d 1054. Absent proof by the defendant of actual prejudice caused by the jury's separation, reversal was not mandated. *Id.*

In *State v. Jones*, 34,863 (La.App. 2 Cir. 8/22/01), 794 So.2d 107, *writ denied*, 01-2648 (La. 8/30/02), 823 So.2d 938, the presumption of prejudice caused by the

jury's separation was rebutted when the jurors testified individually that they had not been influenced by or communicated with outside sources and their decision was based on the evidence. A trial court's general questions to the jury about their communication and influence while separated were adequate to ascertain any possible prejudice from extraneous influence. *Id.*

In *State v. Brown*, 05-1100 (La.App. 4 Cir. 11/2/06), 943 So.2d 614, a panel of the fourth circuit found that the trial court had abused its discretion in finding no prejudice to the defendant when the record indicated it questioned the jurors about outside communication, but the record did not show that each juror was questioned individually.

In the instant case, the trial court denied Defendant's motion for mistrial. In doing so, it had to determine whether Defendant's guilty verdict was caused by the jury's separation, thus prejudicing him and entitling him to a mistrial.

Defense counsel twice agreed to allowing the jurors to go home before they were released for the night. The next morning, defense counsel had two more opportunities to raise the jury sequestration issue with the trial court before the verdict was rendered. Only after Defendant was found guilty did defense counsel complain and request a mistrial. Although these waivers were made by defense counsel, they were made on behalf of Defendant who was present throughout the trial.

Before releasing the jury, the trial court instructed the jurors not to discuss the case with anyone, not even with each other outside the jury room. He told them to go "straight home." The next day, each juror individually answered questions under oath and all of them indicated they had no outside contact or influence regarding the case while they were separated. Defendant did not and has not shown that he was

prejudiced by the jury's separation, which would require proof that the jury's guilty verdict was influenced by the separation rather than the evidence adduced at trial. Any "presumption of prejudice" was overcome by the trial court's individual questioning of the jurors and its finding of no prejudice.

The totality of the facts and circumstances shown in the record of this case, including the trial court's individual questioning of the jurors, the jurors' individual responses, defense counsel's acquiescence in and failure to object to the separation, Defendant's failure to voice his own objection or concern, and the lack of any proof of actual prejudice in the record, assure us that the trial court did not abuse its discretion in denying Defendant's motion for mistrial. The State successfully rebutted any presumption of prejudice, and Defendant then failed to show actual prejudice caused by the jury's separation.

**Motion for New Trial:**

Restating an assigned error in brief without argument or citation of authority does not constitute briefing for purposes of requiring that all specifications or assignments of error must be briefed. *State v. Marie,* 07-397 (La.App. 5 Cir. 11/27/07), 973 So.2d 780; *See also McCorvey v. McCorvey*, 05-174 (La.App. 3 Cir. 11/2/05), 916 So.2d 357, *writ denied*, 05-2577 (La. 5/5/06), 927 So.2d 300; Uniform Rules—Courts of Appeal, Rule 2-12.4. Defendant did not brief the motion for new trial. Moreover, the same issues were covered in Defendant's motion for mistrial.

## CONCLUSION

We find the trial court failed to sequester the jury in accordance with La.Code Crim.P. art. 791, but the trial court's error was harmless in light of the facts specific to this case. For the foregoing reasons, we find the trial court's denial of Defendant's motions for mistrial and new trial was not an abuse of its discretion. We find nothing

10

in the record to support that the guilty verdict rendered in *this* trial was attributable to the jury sequestration error.

## **DECREE**

Keith Hernandez's conviction and sentence for attempted aggravated incest as a fourth felony habitual offender are affirmed.

**AFFIRMED.**